The STATE of Ohio, Appellee,

v.

MORGAN, Appellant.

[Cite as *State v. Morgan* (1992), 80 Ohio App.3d 150.]

Court of Appeals of Ohio,
Franklin County.

No. 91AP–1279.

Decided May 19, 1992.

*Michael Miller*, Prosecuting Attorney, and *Steven L. Taylor*, Assistant Prosecuting Attorney, for appellee.

*James Kura*, Franklin County Public Defender, and *John W. Keeling*, Assistant Public Defender, for appellant.

TYACK, Judge.

On February 5, 1991, Donna Marie Segretie contacted the Rape Treatment Center of what was then known as "Saint Anthony Medical Center." She indicated that she had been restrained and raped by James W. Morgan, Jr., at her residence. Detectives from the Columbus Division of Police were subsequently contacted and searched Segretie's residence for evidence. They seized a variety of items, including a paper bag which Segretie indicated had been used to help her when she began hyperventilating during the rape and

restraint. Morgan's fingerprint was found on the bag. Police also took photographs both of Segretie's apartment and of visible bruises on her.

Ultimately, Morgan was charged with aggravated burglary, kidnapping and two counts of rape. Following a jury trial, he was convicted of the kidnapping and rape charges. He was sentenced to concurrent sentences of six to twenty-five years on each of the rape charges, and four to fifteen years on the kidnapping charge. He also was assessed fines totalling $12,000.

Morgan (hereinafter "appellant") pursued a timely appeal to this court, assigning three errors for our consideration:

"I. The trial court erroneously convicted and sentenced the defendant upon the multiple counts of kidnapping and rape, in violation of R.C. 2941.25, when the kidnapping was based upon the same course of conduct as the rape offenses and was motivated by the same purpose or animus.

"II. The defendant was denied his constitutional right to confront the witness and present evidence on his own behalf when the trial court precluded the defendant from presenting evidence relevant to the credibility of an essential witness for the state.

"III. The trial court erred when it imposed a fine upon the defendant in addition to imprisonment and further erred when it failed to follow the proper procedure for the imposition of fines."

Additional pertinent facts will be presented under the respective assignments of error.

■ The first assignment of error attacks the failure of the trial court to invoke *sua sponte* the mandates of R.C. 2941.25, which provide:

"(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

"(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."

The Supreme Court of Ohio ruled in *State v. Comen* (1990), 50 Ohio St.3d 206, 553 N.E.2d 640, that a failure to raise issues related to R.C. 2941.25 in the trial court constitutes a waiver of any error in regard to that statute. The ruling on R.C. 2941.25 issues was not included in the syllabus of *Comen*, which means that the ruling is not a controlling point of law decided in the case. However, waiver was the sole basis used by the Supreme Court of Ohio

for deciding the proposition of law regarding allied offenses of similar import in the *Comen* case. This makes the precedential value of *Comen* somewhat ambiguous. Since *Comen* does not clearly dispose of the issue, we will address the other applicable case law in deciding this assignment of error.

In *Newark v. Vazirani* (1990), 48 Ohio St.3d 81, 549 N.E.2d 520, the Supreme Court of Ohio set forth in the syllabus the procedure to be followed in deciding issues related to R.C. 2941.25. The syllabus reads:

"Under R.C. 2941.25, a two-tiered test must be undertaken to determine whether two or more crimes are allied offenses of similar import. In the first step, the elements of the two crimes are compared. If the elements of the offenses correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import and the court must then proceed to the second step. In the second step, the defendant's *conduct* is reviewed to determine whether the defendant can be convicted of both offenses. If the court finds either that the crimes were committed separately or that there was a separate animus for each crime, the defendant may be convicted of both offenses. (*State v. Blankenship* [1988], 38 Ohio St.3d 116, 117, 526 N.E.2d 816, 817, approved and followed.)" (Emphasis *sic.*)

The facts established at trial which relate to the kidnapping are that appellant entered Segretie's apartment with her permission. After he had had a cigarette and they had talked, he requested a second cigarette, which Segretie went upstairs to get. As she was returning downstairs, appellant was going up the stairs. He indicated a desire to have sexual relations. Segretie in response put her hand on his chest and pushed him toward the door, telling him that it was time for him to leave. She got him to the doorway and got the door open, but appellant turned, slammed the door and pushed her up against the wall.

He then took Segretie to the dining area of the apartment and lay on top of her, using one of his hands to help restrain her while removing her clothing with the other.

Segretie began to hyperventilate, a problem she encounters when she gets very upset. She asked appellant to get a bag in the kitchen. He picked her up and carried her into the kitchen while acquiring the paper bag. He laid her back on the floor while she recovered from the hyperventilation. He then took her, crying and screaming, back into the living room. He repeatedly covered her face with a pillow and told her to keep quiet. At times when he was not trying to silence her with the pillow, he would use his forearm to "smash" her face into the carpet. This led to her having rug burns on her face. After he engaged in cunnilingus under these circumstances, he picked

her up and carried her upstairs, causing her face to strike the stairway repeatedly as they went. He laid her on the bed and finished disrobing her. He resumed sexual activity, fondling her and then beginning vaginal intercourse. After awhile, he rolled her over and resumed sexual intercourse. Finally, he stopped, cleaned himself up, and left the apartment.

Given the extensive moving of the victim and the extended period of time involved, not to mention the injuries inflicted upon Segretie, the restraint was not merely incident to the rapes. The guidelines set forth in the syllabus for *State v. Logan* (1979), 60 Ohio St.2d 126, 14 O.O.3d 373, 397 N.E.2d 1345, tell us that a separate animus should be found to exist here. Those guidelines are:

"(a) Where the restraint or movement of the victim is merely incidental to a separate underlying crime, there exists no separate animus sufficient to sustain separate convictions; however, where the restraint is prolonged, the confinement is secretive, or the movement is substantial so as to demonstrate a significance independent of the other offense, there exists a separate animus as to each offense sufficient to support separate convictions;

"(b) Where the asportation or restraint of the victim subjects the victim to a substantial increase in risk of harm separate and apart from that involved in the underlying crime, there exists a separate animus as to each offense sufficient to support separate convictions." *Id.* at syllabus.

Therefore, the trial court did not err in failing to find *sua sponte* that the rapes and kidnapping here were allied offenses of similar import for purposes of R.C. 2941.25.

The first assignment of error is overruled.

The second assignment of error contends that the trial court abused its discretion in certain evidentiary rulings. Those rulings involved: (1) questions regarding a hospitalization of Segretie in Arizona at an earlier time; (2) a question about one witness's opinion about whether Segretie was "a truthful person"; (3) a question about whether Segretie "ever lied" to her roommate; (4) a question about whether Segretie has ever exaggerated; and (5) a question asking what Segretie said about a previous event when she said she was raped.

The question about a hospitalization in Arizona did not attempt to limit the inquiry to any relevant time or to any particular type of hospitalization. No proffer was made of the reasons for the inquiry or the facts which were being sought. Thus, the record reveals no reason to believe the question was likely to elicit information even remotely relevant to the rape allegation. The trial judge was correct to sustain the objection.

■ The specific inquiry about the prior rape allegation was about what Segretie had purportedly told her roommate about the previous rape. Segretie had already testified that she had been on active duty in the United States Army over eight years before and that while in the military she had been sexually assaulted. She had not pursued criminal charges on the advice of the military authorities. She purportedly had been cut on the neck during the assault, requiring plastic surgery. Not long thereafter, she left active duty with an honorable discharge. Segretie was not asked what she had told her subsequent roommate in Columbus about the sexual assault.

When the subsequent roommate testified in the trial of appellant, the following questions and answers are reflected in the record:

"Q. [By defense counsel] Has Donna ever discussed with you a previous rape?

"A. Yes, she did.

"Q. What did she discuss with you?

"A. She told me that she—"

An objection was then sustained. Again, no proffer occurred, so neither the trial court nor this court knows what answer was contemplated. Under the circumstances, the trial court could have felt that the allegations about an event almost ten years old bore little if any relevance to the current allegations. The trial court could have felt that counsel for appellant was attempting to elicit testimony from the roommate about a contradictory statement without providing Segretie an opportunity to explain or deny it, as required by Evid.R. 613. Whatever the trial court's basis in sustaining the objection, the record before us does not demonstrate an abuse of discretion in refusing to allow the jury to hear the answer.

■ The last three areas of inquiry might have been relevant, if properly developed. The reputation of a witness for veracity in the community has traditionally been deemed relevant in assessing credibility. However, questions such as whether a person ever lied or ever exaggerated (or even lied about something during the last year) provide no information helpful in assessing credibility. Likewise, the opinion of one witness that another witness is truthful or prone to lie, without the appropriate foundation being laid and without some attempt to tie the characterization to general reputation in the community, has not traditionally been ruled to be admissible evidence. The trial judge was correct to sustain the objections to those questions also.

The second assignment of error is therefore overruled.

■ The third assignment of error attacks both the fact that fines were assessed and the procedure used in assessing them. The record does not reveal specifically what the trial judge did or did not consider in assessing the fines. The prison sentences imposed were certainly not excessive under the circumstances. The trial testimony indicated that appellant had the ability to pay a fine, given his ownership of real estate. Under the circumstances, we cannot assume the trial court failed to follow the applicable statutes or abused his discretion.

*State v. Adams* (1988), 37 Ohio St.3d 295, 525 N.E.2d 1361, tells us, at paragraph three of its syllabus, that "[a] silent record raises the presumption that a trial court considered the factors contained in R.C. 2929.12." The same principle would seem to apply to compliance with R.C. 2929.14, which addresses the imposition of fines. Therefore, the third assignment of error is also overruled.

All three assignments of error having been overruled, the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

BOWMAN and PEGGY BRYANT, JJ., concur.

BOWMAN, Judge, concurring.

I concur with the majority's disposition of the first assignment of error only for the reason that the issue is moot. The appellant failed to raise an objection in the trial court and has waived any objection to the sentence imposed and, further, since the sentences run concurrently, appellant would be unable to show any prejudice.