**The STATE of Ohio, Appellee,**

v.

**HORTON, Appellant.**

[Cite as *State v. Horton* (1993), 85 Ohio App.3d 268.]

Court of Appeals of Ohio,
Franklin County.

No. 92AP–1606.

Decided March 25, 1993.

*Michael Miller,* Franklin County Prosecuting Attorney, and *Joyce S. Anderson,* Assistant Prosecuting Attorney, for appellee.

*David K. Greer,* for appellant.

BOWMAN, Judge.

Appellant, Bernard Horton, pleaded guilty to theft and the trial court imposed the maximum sentence of two years and fined appellant $500. In imposing the fine, the court did not hold a hearing or make a finding regarding appellant's ability to pay the fine. Nor was there any evidence regarding appellant's financial status apart from the fact that appellant had filed an affidavit of indigency and the trial court had appointed counsel to represent him.

Two days after sentencing, appellant filed a motion requesting vacation of the fine or that a hearing be held to determine appellant's ability to pay. The trial court denied this motion.

Appellant now raises the following assignment of error:

"The trial court abused its discretion in ordering Appellant to pay a $500.00 fine, after refusing to consider his financial ability to pay the fine, pursuant to

R.C. 2929.14(C), and after sentencing him to the maximum period of imprisonment allowed under the statute."

Appellant argues that the trial court abused its discretion by failing to determine appellant's ability to pay the fine. According to appellant, because it would be unconstitutional to imprison appellant for his inability to pay the fine, the trial court had an obligation to determine that appellant could afford the fine. Appellant additionally charges that the trial court erroneously concluded that the issue of the fine was not ripe because appellant had not established he would be jailed for failing to pay the fine, although this interpretation is unsupported by the language in the trial court's decision.

At issue is the trial court's application of R.C. 2929.14(C), which provides:

"The court shall not impose a fine or fines for felony that, in the aggregate and to the extent not suspended by the court, exceed the amount that the offender is or will be able to pay by the method and within the time allowed without undue hardship to himself or his dependents, or will prevent him from making restitution or reparation to the victim of his offense."

This court recently addressed whether a trial court's imposition of a fine was in compliance with R.C. 2929.14 in *State v. Morgan* (1992), 80 Ohio App.3d 150, 608 N.E.2d 1114. In that case, the record was devoid of any express indication of the factors affecting the trial court's decision to impose a fine; however, this court upheld the fine on the grounds that the silent record raised a presumption that the trial court had considered the statutory factors. In *Morgan*, we determined that, despite the lack of direct evidence of the defendant's ability to pay the fine, the indication in the record that the defendant held real estate refuted his claim of indigency.

In *State v. Slife* (Dec. 5, 1991), Shelby App. No. 17–91–5, unreported, 1991 WL 259552, the Third District Court of Appeals held that the presumption that the fine was correct is rebuttable by a showing that the defendant is indigent. However, the court found that evidence that counsel was appointed for the defendant was not relevant to the issue of whether the defendant could afford the fine. By contrast, a number of appellate courts have held that an affidavit of indigency resulting in the appointment of trial counsel is sufficient to rebut a presumption that a fine is not excessive. See *State v. Hughes* (Dec. 23, 1991), Scioto App. No. 1937, unreported, 1991 WL 286053.[1]

---

1. See, also, *State v. Beverly* (Mar. 29, 1990), Clark App. No. 2612, unreported, 1990 WL 34813; *State v. Lott* (Mar. 16, 1989), Cuyahoga App. No. 54537, unreported, 1989 WL 24927; *State v. Dunn* (Feb. 20, 1986), Logan App. No. 8–84–26, unreported, 1986 WL 2314; *State v. Konicek* (Nov. 7, 1985), Cuyahoga App. No. 49431, unreported, 1985 WL 8415.

■ In the case at bar, there was no evidence from which the trial court could conclude, or even infer, that appellant had the ability to pay the fine imposed. While we do not adopt the view that appellant's affidavit of indigency, filed only for the purpose of securing appointment of counsel, was sufficient in itself to provide evidence of appellant's inability to pay, we do hold that the trial court should have conducted a hearing to determine appellant's ability to pay the fine which the court sought to impose. Our position is based upon R.C. 2947.14(A), which provides that:

"If a fine is imposed as a sentence or a part of a sentence, the court or magistrate that imposed the fine may order that the offender be committed to the jail or workhouse until the fine is paid or secured to be paid, or he is otherwise legally discharged, if the court or magistrate determines at a hearing that the offender is able, at that time, to pay the fine but refuses to do so. The hearing required by this section shall be conducted at the time of sentencing."

In so holding, we concur in the opinion expressed by the First District Court of Appeals which held in *State v. Stevens* (Nov. 19, 1986), Hamilton App. No. C–860106, unreported, 1986 WL 13163, that:

" * * * R.C. 2929.14 and 2947.14 must be read together. The first section of R.C. 2929.14 states the factors that must be considered before a fine is imposed for a felony. Because the application of these factors to a particular situation requires certain findings by the trial court and the exercise of its discretion about the amount and payment of a fine, review of the fine imposed will involve questions of the sufficiency and weight of the evidence and questions about abuse of discretion. On the other hand, R.C. 2947.14 mandates a hearing at the time of sentencing, and that is not a matter reposed in the court's discretion. Failure to hold the hearing is error as a matter of law."

In *State v. Wiggins* (July 1, 1992), Hamilton App. No. C–910620, unreported, 1992 WL 156122, the court reaffirmed its previous holding in *Stevens,* finding that the failure of the appellant to object to the fine or to the lack of a hearing during sentencing did not affect his ability to raise issue with the fine on appeal, since the trial court's failure to conduct a hearing was error as a matter of law.

■ Under the facts before this court, appellant preserved the issue of his ability to pay the fine by filing a motion to vacate the fine after its imposition, and did not need to object or move for hearing at the time of sentencing because the court erred as a matter of law in failing to hold the hearing. By the same token, appellant is not required to wait to object to the fine until he is penalized for failure to pay the fine, since the lack of a hearing at the time of sentencing rendered the fine unenforceable. R.C. 2947.14(A).

Notwithstanding these considerations, we reject appellant's assertion that the trial court's imposition of the fine violated his constitutional rights. Because we find that the trial court erred in failing to hold a hearing as required by statute, no prejudice resulted to appellant from any possible violation of his constitutional rights.

Appellant's assignment of error is sustained, and the judgment of the trial court is reversed as it concerns the imposition of the fine, but affirmed in all other respects. This matter is remanded to the trial court for further proceedings in accordance with this decision.

*Judgment affirmed in part,*
*reversed in part*
*and cause remanded.*

JOHN C. YOUNG and PETREE, JJ., concur.