OPINION
This appeal is taken by defendant-appellant Ryan J. Brewer from a judgment of the Court of Common Pleas of Auglaize County.
On October 12, 1996, Brewer was attempting to pass another vehicle and collided with an oncoming minivan, killing four of the five occupants. The fifth occupant and Brewer were severely injured in the accident. Brewer was not under the influence of any alcohol or drugs at the time.
On April 14, 1997, Brewer entered a no contest plea to one count of aggravated vehicular assault, in violation of R.C.2903.08(A), and one count of involuntary manslaughter, in violation of R.C. 2903.04(B). Brewer was sentenced on July 28, 1997. The trial court imposed the maximum fine and imprisonment sentences on both counts. However, the trial court found the defendant amenable to community control sanctions. Thus, the execution of Brewer's prison sentence was deferred upon condition that Brewer serve two consecutive six month terms in the county jail as well as abide by the other community control sanctions and pay the fines and costs. It is from this judgment that Brewer appeals.
Brewer raises the following assignments of error.
 The trial court committed an error of law by imposing a sentence contrary to R.C. 2929.11
through R.C. 2929.18.
 The trial court committed an error of law by imposing a prison term for a felony of the fourth degree when there is an insufficient basis in the record to support its finding.
In opposition to these assignments of error, the State claims that Brewer does not have the right to appeal his sentence. First, the State claims that since Brewer does not have to serve the prison sentence if he abides by the community control sanctions, then the trial court did not actually impose the sentence. We do not agree. Crim.R. 32 states that a sentence will be imposed without delay. A reading of the rule shows that the "imposition" of sentence is the court's judgment, not the execution of the sentence. Therefore, the trial court did impose the maximum sentence on Brewer and he has the right to appeal it.
The State's second claim is that Brewer cannot appeal his consecutive sentences because he did not file for leave to appeal. R.C. 2953.08(A) provides an appeal of right when the maximum prison term is imposed for an offense of the highest degree when two or more offenses arise out of the same incident. Both of the counts to which Brewer pled guilty arose from the same incident and Brewer was sentenced to the maximum on both counts. Thus, Brewer has an appeal of right. Brewer can then appeal the consecutive sentence under App.R. 5(C)(2), which grants a defendant the right to incorporate an assignment of error concerning the consecutive sentence into the appellate brief if other issues are raised in a notice of appeal. Here, Brewer had a right to appeal the maximum sentence he received and he also addressed the issue of the consecutive sentences. Therefore, to the extent that leave to appeal the consecutive sentences is required filed under App.R. 5(C)(2), the requirement has been fulfilled.
Brewer's first assignment of error claims that the sentence was contrary to law. In support, Brewer argues that the trial court imposed the maximum sentence for each offense. R.C. 2929.14
states that
 [I]f the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.
 [T]he court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense * * * only upon offenders who committed the worst forms of the offense [and] upon offenders who pose the greatest likelihood of committing future crimes * * *.
Here, the trial court did not make the required findings on the record. At sentencing the trial court expressly found that Brewer had led "a law abiding life for a significant number of years" and had not served a prison term. R.C. 2929.14(B) requires the trial court to impose the shortest prison term authorized when the defendant has never served a prison term previously, unless the trial court makes a specific finding on the record that the shortest prison term will demean the seriousness of the crime. The trial court did not make any such finding in this case. In addition, the trial court found that Brewer would be unlikely to commit future crimes and that he showed genuine remorse for his actions in causing the accident. Although the accident at issue had tragic results, the trial court did not find that this was the worst possible form of the offense as the trial court specifically found that Brewer was not under the influence of drugs or alcohol. The trial court found, after considering the factors dealing with the seriousness of the offense, that only the factor that the victims suffered serious physical harm applies. Thus, there is no finding or support for finding that the crime committed was of the most serious form or that Brewer is likely to commit future crimes to justify imposition of the maximum sentence.
Brewer's second argument is that the trial court erred by imposing consecutive sentences. R.C. 2929.14(E) states:
 (3) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to [R.C. 2929.16, 2929.17, or 2929.18], or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
When consecutive sentences are imposed under R.C. 2929.14, the trial court must follow certain procedures.
The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
* * *
 (c) If it imposes consecutive sentences under [R.C. 2929.14], its reasons for imposing the consecutive sentences;
* * *
 (e) If the sentence is for two or more offenses arising out of a single incident and it imposes a prison term for those offenses that is the maximum prison term allowed for the offense of the highest degree by [R.C. 2929.14(A)], its reasons for imposing the maximum prison term.
R.C. 2929.19(B)(2).
In this case, the trial court imposed consecutive sentences on Brewer. In addition, the trial court imposed prison terms for both offenses which arose from a single incident in excess of the maximum prison term allowed for the offense of the highest degree. The trial court failed, however to place its reasons for its actions on the record as required by R.C. 2929.19(B)(2).
Brewer's third argument is that the trial court erred in failing to inquire into Brewer's ability to pay the fines and costs prior to imposing them. "Before imposing a financial sanction under [R.C. 2929.18], the court shall consider the offender's ability to pay. . . ." R.C. 2929.19(B)(6). Here, the record is devoid of any inquiry into Brewer's ability to pay the fine. Failure to make the requisite inquiry is an abuse of discretion. State v. Horton (1993), 85 Ohio App.3d 268,619 N.E.2d 527.
Brewer also argues that the trial court erred in revoking his license since there was no alcohol involved in the offense. However, R.C. 4507.16 provides that in the case of vehicular assault, the trial court may either suspend the offender's license for up to three years or may revoke that license. The trial court in this case chose to revoke the license. Because this sanction is provided by statute, there has been no abuse of discretion by imposing it.
Finally, Brewer raises the issue of whether the trial court can impose the maximum sentences under the community control sanctions and then order the defendant to serve them consecutively. Although the statute does not specifically address whether the trial court must explain why it is imposing maximum consecutive sentences of incarceration under the community sanctions, having the reasons on the record would provide more support for the trial court's decision. The reasoning would also enable this court to affirm that no abuse of discretion has occurred in the sentencing.
Because we have determined that the trial court's judgment was contrary to law, the judgment of the Court of Common Pleas of Auglaize County must be reversed and remanded for the appropriate sentencing.
Brewer's second assignment of error is that the trial court erred by imposing a prison sentence for a fourth degree felony. In support of this argument, Brewer claims that the evidence does not support the conclusion that the more serious factors outweigh the less serious factors. Brewer then reviews the evidence showing why the trial court's conclusion was incorrect. However, the trial court is the trier of fact and we may not overrule its findings of fact absent its abuse of discretion. The record reveals evidence which, if believed, would support the trial court's findings of fact and conclusions of law. Thus, the second assignment of error is overruled.
The judgment of the Court of Common Pleas of Auglaize County is affirmed in part and reversed in part and remanded for further proceedings in accordance with this opinion.
Judgment affirmed in part and reversed in part and causeremanded.
EVANS and HADLEY, JJ., concur.