[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
This appeal, submitted on the accelerated docket, has been considered pursuant to App. R. 11.1(E) and Loc.R. 12. Pursuant to Loc.R. 12(5) we have elected to render decision by written opinion. This appeal is taken by defendant-appellant Ted Turner from the judgment of the Court of Common Pleas of Auglaize County revoking his probation.
On May 31, 1996, Turner was indicted on ten counts of illegal possession of drug documents, in violation of R.C. 2925.03, and seven counts of trafficking in drugs, in violation of R.C.2925.03. On October 2, 1996, Turner pled guilty to five counts of illegal possession of drug documents. The other counts were dismissed pursuant to a plea agreement. On November 8, 1996, Turner was sentenced to serve a term of 18 months and pay a fine of $100 on each count, the terms of imprisonment to be served consecutively. A larger fine was not imposed because the trial court found Turner to be indigent.
On January 15, 1997, Turner was granted probation on condition, among others, that he attend in-patient drug rehabilitation at the W.O.R.T.H. Center. Turner was released from the W.O.R.T.H. Center in May 1997. On June 24, 1997, the State filed a motion to revoke Turner's probation because he had stolen a credit card. The trial court found Turner indigent and appointed counsel for him. Bond was set at $50,000 with a 10% cash deposit required.
On August 4, 1997, the trial court held a hearing and Turner admitted to the probation violation. The trial court sentenced Turner to serve one year in prison per count and a to pay a fine of $1,000 per count. The trial court then ordered that the $5,000.00 cash bond deposit should be applied to the payment of fines and court costs. On December 30, 1997, Turner moved to vacate or suspend the fines on the grounds of his indigency. The trial court denied the motion on January 7, 1998. On February 2, 1998, Turner filed this appeal.
Turner presents the following assignments of error:
 The trial court erred when it unlawfully ordered the $5,000 cash deposited as bond by Turner's father applied towards satisfying the fine and costs imposed in this case.
 The trial court erred, and violated Turner's state and federal constitutional right to due process, when it unlawfully imposed a $5,000 fine and ordered his immediate incarceration for five years, when the court was aware of Turner's continued indigency and inability to pay a fine.
 The trial court acted unlawfully and vindictively by imposing an increased sentence after it revoked Turner's probation. The court increased the fine from $100 per count to $1,000 per count, in violation of Turner's constitutional rights to due process and equal protection.
Because Turner's offenses occurred before July 1, 1996, the penalties are governed by R.C. 2925.23 in effect at that time.
Turner's first assignment of error argues that the trial court erroneously applied the bond deposit to the fines and costs owed because the money did not belong to Turner, but to his father.
 Bail of any type that is deposited under [R.C. 2937.22 to 2937.45] or Crim.R. 46 by an accused shall be discharged and released to the accused, and property pledged by an accused for a recognizance shall be discharged, upon the appearance of the accused in accordance with the terms of the recognizance or deposit and the entry of judgment by the court or magistrate, except that, if the defendant is not indigent, the court may apply deposited bail toward the satisfaction of a penalty or fine, and court costs, assessed against the accused upon his conviction or guilty plea, and may declare forfeited and levy or execute against pledged property for the satisfaction of a penalty or fine, and court costs, assessed against the accused upon his conviction or guilty plea.
R.C. 2937.40(C).
Here, the trial court found Turner to be indigent at the original sentencing, thus precluding imposition of the mandatory fines. For the purposes of appointing counsel, the trial court found Turner to be indigent for the revocation hearing. The record discloses no evidence that Turner's financial situation has changed since the original sentencing. Thus, the trial court's prior express finding of indigency is unchanged and the trial court may not, pursuant to R.C. 2937.40(C), apply the bond to Turner's fines. For this reason, the first assignment of error is sustained.
The second and third assignments of error assert that the trial court erred by increasing the fine when Turner was still indigent. Following a hearing on a probation violation, the trial court may terminate the probation and impose any sentence that originally could have been imposed, even if it is more severe.State v. McMullen (1983), 6 Ohio St.3d 244, 452 N.E.2d 1292. Thus, the third assignment of error is overruled.
The trial court, however, is still limited in the imposition of fines.
 (A) In determining whether to impose a fine for a felony and the amount and method of payment of a fine, the court shall consider the nature and circumstances of the offense; * * * the history, character, and condition of the offender; any statement by the victim pursuant to [R.C. 2930.14]; and the ability and resources of the offender and the nature of the burden that payment of a fine will impose on him.
 (B) The court shall not impose a fine in addition to imprisonment for felony, unless a fine is specially adapted to deterrence of the offense or the correction of the offender * * *.
 (C) The court shall not impose a fine or fines for felony that, in the aggregate and to the extent not suspended by the court, exceed the amount that the offender is or will be able to pay by the method and within the time allowed without undue hardship to himself or his dependents, or will prevent him from making restitution or reparation to the victim of his offense.
R.C. 2929.14.
In this case, the trial court did not make any inquiry about Turner's ability to pay a larger fine or determine whether undue hardship that would be created by payment of the fines. As stated above, the trial court had already made a finding of indigency for the purpose of determining the appropriate fine. The filing of the affidavit of indigency for the purpose of the appointment of counsel requires the trial court to give the defendant an opportunity to be heard on the issue of whether he is able to pay a fine without hardship to himself or his dependents. State v.Horton (1993), 85 Ohio App.3d 268, 619 N.E.2d 527. The failure to make an inquiry is an abuse of discretion. Maple Hts. v. Dickard
(1986), 31 Ohio App.3d 68, 508 N.E.2d 994. The record before us discloses no inquiry by the court concerning Turner's ability to pay. Therefore, the second assignment of error is sustained.
The judgment of the Court of Common Pleas of Auglaize County is reversed and is remanded for further proceedings consistent with this opinion.
Judgment reversed and cause remanded.
 SHAW, P.J., and HADLEY, J., concur.