DECISION AND JUDGMENT ENTRY
This is an appeal from the judgment of the Wood County Court of Common Pleas ordering appellant to pay a mandatory $750 fine. For the following reasons, we affirm the judgment of the trial court.
Appellant, David Wilton, was indicted on December 17, 1997, for one count of driving under the influence ("DUI"), in violation of R.C. 4511.19(A)(1), a felony of the fourth degree. At his arraignment, appellant was found to be indigent, as provided in Crim.R. 44, and was appointed counsel. The matter proceeded to jury trial and appellant was found guilty of the sole count in the indictment. Appellant was sentenced on May 24, 1999.
At the sentencing hearing, appellant was advised of the potential penalties he was facing, including a mandatory $750 fine. When addressing the court, appellant stated that although he believed he could "use some outside help as far as alcohol and drug rehab," he hoped that the court "would not make it an in-house inpatient situation because of [his] work." Appellant was addressed by the court regarding his work and income:
 "THE COURT: * * * Mr. Wilton, couple questions. You're pretty darn well paid, weren't you, while you were working.
"THE DEFENDANT: Yes, Your Honor.
 "THE COURT: Why didn't you have enough money to hire a lawyer, not that you didn't get good representation, how did he qualify for somebody making that kind of money qualify for appointed counsel?
 "THE DEFENDANT: I hadn't been working steady during the previous year. I had just come off from a job in late May. * * * I was in late May working at a chemical plant. I had come here and was incarcerated in November. By January the first week of January, when I was I was [sic] here before you, I hadn't had any money. Lady — that girl whose vehicle that I had backed into I had to go out and get work to pay over two thousand to take care of that obligation. I didn't have any money."
At the hearing, the trial court imposed a $750 fine. Defense counsel objected on the basis that appellant was indigent and stated, "He is not in a position at this point to pay any fine as near as I can tell." Defense counsel then brought up the fact that R.C. 2929.18(E) states that when imposing a financial sanction, the court may hold a hearing to determine if the defendant is able to pay the sanction or likely in the future to be able to pay it. Thereafter, the trial court continued its questioning of appellant concerning his employment:
 "THE COURT: * * * We talked before, Mr. Wilton, about your occupation.
"THE DEFENDANT: Yes, Sir.
 "THE COURT: And when you were working in that occupation, you were earning what over $20 an hour?
"THE DEFENDANT: Right at 20.
 "THE COURT: There's no reason if, if you weren't incarcerated or going to be incarcerated you could go back to that occupation right now, correct?
"THE DEFENDANT: Yes.
 "THE COURT: Is there any reason to think that once you're out of incarceration you cannot go back to that occupation?
"THE DEFENDANT: No.
"THE COURT: And if you were able to.
 "THE DEFENDANT: I can do the work today this afternoon if I, if I would be allowed to.
 "THE COURT: And if given a period of time would you be able to pay a fine of $750?
 "THE DEFENDANT: If given a period of time, yes, sir. I, I been in debt —
 "THE COURT: Thank you. Thank you. I'll reaffirm the $750 noting your objection."
Defense counsel then argued that, because appellant would be losing his driver's license, it was premature to say appellant would have the ability to pay. Additionally, counsel argued that because of the other two felony DUI cases appellant was then facing, he could incur significant other financial sanctions which should also enter into the consideration of whether he would be able to pay. Further, defense counsel stated, "So it appears that there's going to be a real problem at least in the immediate future of next couple of years for him to make means to pay that fine."
In the trial court's May 25, 1999 judgment entry of sentence, the court found that appellant would "have the ability to pay a financial sanction," and ordered appellant to pay the mandatory fine of $750, to be paid within five years at a monthly rate as determined by the probation officer. In addition, appellant was sentenced to a mandatory period of incarceration of sixty days; his operator's license was suspended for five years; he was sentenced to five years of Community Control Sanctions under the supervision of the Wood County Adult Probation Department, which included a number of conditions; and was ordered to pay court costs.
On June 18, 1999, appellant was found indigent for purposes of appeal and was appointed appellate counsel. Appellant raises the following as his sole assignment of error:
 "THE TRIAL COURT ERRED WHEN IT IMPOSED A SEVEN HUNDRED AND FIFTY DOLLAR ($750.00) FINE ON AN INDIGENT DEFENDANT WITHOUT A PROPER HEARING AND BECAUSE THE FINE EXCEEDED THE AMOUNT THAT THE APPELLANT WILL BE ABLE TO PAY WITHOUT UNDUE HARDSHIP."
Specifically, appellant asserts that the "hearing" conducted by the trial court, pursuant to R.C. 2929.18(E) was inadequate as it did not comport with the procedure set forth in R.C. 2947.14(B), which states:
 "(B) At the hearing, the offender has the right to be represented by counsel and to testify and present evidence as to his ability to pay the fine. If a court or magistrate determines after considering the evidence presented by an offender, that the offender is able to pay a fine, the determination shall be supported by findings of fact set forth in a judgment entry that indicate the offender's income, assets, and debts, as presented by the offender, and his ability to pay."
See, also, State v. Horton (1993), 85 Ohio App.3d 268, 271; andState v. Phinizee (July 5, 1996), Clark App. No. 95-CA-54, unreported.
Appellant further argued that the trial court erred in not attempting to learn whether he had any other source of income. Additionally, appellant argued that the trial court erred in not discovering that appellant had only been working at his job, prior to being incarcerated, for two months. Appellant argues that this was not enough time to establish a good rapport with his employers. Further, appellant argues that the suspension of his operator's license makes it even more difficult to gain and maintain a steady income valuable enough to pay the financial sanctions without causing undue hardship on himself and his family.
We find that appellant's reliance on R.C. 2947.14(B)[1]
is misplaced. Pursuant to R.C. 2947.14(A), "if the court or magistrate determines at a hearing that the offender is able, at that time, to pay the fine but refuses to do so," then "the court or magistrate that imposed the fine may order that the offender be committed to the jail or workhouse until the fine is paid or secured to be paid." Appellate courts have determined that the hearing requirement of R.C. 2947.14(A) does not arise until the court decides to incarcerate an offender for failure to pay a fine. State v. Meyer (1997), 124 Ohio App.3d 373; and State v.Johnson (1995), 107 Ohio App.3d 723, 728. Although R.C.2947.14(A) states, "The hearing required by this section shall be conducted at the time of sentencing," Meyer and Johnson held that this does not apply to the hearing where the fine was initially imposed, but refers to the hearing wherein the court determines whether to incarcerate the offender for his failure to pay the fine imposed. Because the trial court in this case was not imposing a sentence for nonpayment of a fine, a hearing pursuant to R.C. 2947.14 was not required.
In State v. Horton, 85 Ohio App.3d 268, upon which appellant relies, the applicable statute, former R.C. 2929.14 did not mention the necessity for a hearing; however, because former R.C. 2947.14(A), concerning satisfaction of fines, stated that a hearing was required to be conducted "at the time of sentencing," the court concluded that the trial court must conduct a hearing before imposing a fine. In arriving at its decision, Horton
expressly concurred with State v. Stevens (Nov. 19, 1986), Hamilton App. Nos. C-860106 and C-860107, unreported, and Statev. Wiggins (July 1, 1992), Hamilton App. No. C-910620, unreported, which stated that R.C. 2947.14(A) required a hearing whenever a fine was merely imposed. Both Stevens and Wiggins, have since been modified by Meyer, supra.
Moreover, unlike the applicable statute in Horton, R.C.2929.18(E) currently states, "A court that imposes a financial sanction upon an offender may hold a hearing if necessary to determine whether the offender is able to pay the sanction or is likely in the future to be able to pay it." (Emphasis added.) Hence, a hearing is permitted, but not required.
Also unlike Horton, the trial court in this case did conduct an inquiry into appellant's likely ability to pay the sanction in the future. For the above reasons, we find that appellant's reliance on Horton is misplaced as that case is clearly inapplicable and distinguishable. For the same reasons, we find that appellant's reliance on State v. Phinizee, Clark App. No. 95-CA-54, unreported, is misplaced.
Contrary to appellant's assertions, at the time of sentencing, he did not demonstrate that he would be unable to repay the fine within the five years provided for him to do so. In fact, he specifically said that he would be able to pay the fine. Appellant also did not demonstrate or attempt to demonstrate that the $750 fine to be paid over the five year period of probation would be an undue hardship to himself, or his dependents, or would prevent him from making restitution to the victim. In fact, appellant testified that he was capable of working, his children were adults, he did not have to pay child support, and that he had repaid the victim for the damages he had caused to her vehicle.
Appellant further asserts that the affidavit of indigency filed with the court and the trial court's granting him indigency status for purposes of securing appointed counsel supports the fact that he will be unable to pay his fine. We disagree. Evidence that an incarcerated offender does not have the means to retain counsel for his defense does not, in and of itself, establish that, once released, the offender will be unable to pay an imposed fine. Even the case relied upon by appellant held, "* * * we do not adopt the view that appellant's affidavit of indigency, filed only for the purpose of securing appointment of counsel, was sufficient in itself to provide evidence of appellant's inability to pay * * *." Horton, supra at 271.
Upon reviewing the record, we find that the trial court properly determined that appellant, in the future, would likely be able to pay the imposed mandatory fine. Appellant's sole assignment of error is therefore found not well-taken.
On consideration whereof, this court finds that appellant was not prejudiced and the judgment of the Wood County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ RICHARD W. KNEPPER, P.J.
JAMES R. SHERCK, J., MARK L. PIETRYKOWSKI, J., CONCUR.
[1] R.C. 2947.14 provides:
 "(A) If a fine is imposed as a sentence or a part of a sentence, the court or magistrate that imposed the fine may order that the offender be committed to the jail or work house until the fine is paid or secured to be paid, or he is otherwise legally discharged, if the court or magistrate determines at a hearing that the offender is able, at that time, to pay the fine but refuses to do so. The hearing required by this section shall be conducted at the time of sentencing.
 "(B) At the hearing, the offender has the right to be represented by counsel and to testify and present evidence as to his ability to pay the fine. If a court or magistrate determines after considering the evidence presented by an offender, that the offender is able to pay a fine, the determination shall be supported by findings of fact set forth in a judgment entry that indicate the offender's income, assets, and debts, as presented by the offender, and his ability to pay.
 "(C) If the court or magistrate has found the offender able to pay a fine at a hearing conducted in compliance with divisions (A) and (B) of this section, and the offender fails to pay the fine, a warrant may be issued for the arrest of the offender. Any offender held in custody pursuant to such an arrest shall be entitled to a hearing on the first regularly scheduled court day following the date of arrest in order to inform the court or magistrate of any change of circumstances that has occurred since the time of sentencing and that affects his ability to pay the fine. The right to the hearing on any change of circumstances may be waived by the offender.
 "At the hearing to determine any change of circumstances, the offender has the right to testify and present evidence as to any portion of his income, assets, or debts that has changed in such a manner as to affect his ability to pay the fine. If a court or magistrate determines, after considering any evidence presented by the offender, that the offender remains able to pay the fine, that determination shall be supported by a judgment entry that includes findings of fact upon which such a determination is based.
 "(D) No person shall be ordered to be committed to a jail or workhouse or otherwise be held in custody in satisfaction of a fine imposed as the whole or a part of a sentence except as provided in this section. Any per son imprisoned pursuant to this section shall receive credit upon the fine at the rate of thirty dollars per day or fraction of a day. If the unpaid fine is less than thirty dollars, the person shall be imprisoned one day.
 "(E) No commitment pursuant to this section shall exceed six months."