OPINION
{¶ 1} Appellant, Emmett Leon Brady ("Brady"), appeals the June 15, 2004 judgment of the Common Pleas Court of Marion County overruling his motion to vacate payment of court costs, fines, mandatory fines and/or restitution.
 {¶ 2} Brady was convicted of two counts of felonious assault, one count of having a weapon under disability and firearm specifications to all charges. On May 6, 2003, Brady was sentenced to an aggregate sentence of ten years imprisonment for his convictions. Brady was also ordered to pay court costs and costs for appointed counsel. Brady appealed his conviction raising seven assignments of error. Brady did not raise the assessment of court costs or appointed attorney fees as alleged error in his direct appeal. This Court affirmed Brady's conviction in its November 10, 2003 decision. See State v.Brady, Marion App. No. 9-03-27, 2003-Ohio-6005.
 {¶ 3} On June 14, 2004, Brady filed a motion to vacate payment of court costs, fines, mandatory fines, and/or restitution in the Common Pleas Court of Marion County. The court overruled Brady's motion on June 15, 2004. It is from this judgment that Brady now appeals asserting the following two assignments of error.
The Court erred in not vacating the Defendant's costs, feesand Attorney fees, when the Defendant demonstrated that He hasbeen indigent through all Trial and Appellate procedures, and hasalso demonstrated that at His sentencing Hearing, or at any othertime His ability to pay was never determined as required by OhioRevised Code. This resulted in a violation ofDefendant-Appellant's Due Process rights under theFourteenth Amendment of the United States Constitution.
 The Court erred in directing the clerk of Courts to requesttransfer of Prisoner[']s funds to satisfy Judgment when the Courtwas well aware that the Defendant was Indigent and did not havethe ability to pay until his sentence is complete, and He isreleased from Prison. This violated the Prisoner's 5th, 8th, and14th Amendment rights guaranteed in the United StatesConstitution.
 {¶ 4} In his first assignment of error, Brady argues that the trial court erred in imposing court costs and appointed attorney fees as part of his sentence. Brady argues that his ability to pay the costs was never determined by the trial court and that he is, in fact, indigent and unable to pay the costs and fees.
 {¶ 5} Brady first objected to the imposition of court costs and attorney fees in his motion to vacate payment of court costs, fines, mandatory fines and/or restitution filed on June 14, 2004. This motion was filed over a year from the date of the judgment entry of his sentencing, which is well beyond the time period to file a motion for direct appeal. In fact, Brady did appeal his conviction to this Court raising seven assignments of error. However, Brady did not raise error with regard to the trial court's order of court costs and attorney fees.
 {¶ 6} Brady's motion to vacate payment of court costs, fines, mandatory fines and/or restitution is a post-trial motion that is not specifically provided for under the law. Accordingly, the issue raised by Brady's motion is barred by res judicata because Brady could have raised the issue in his direct appeal. With respect to res judicata, the Ohio Supreme Court held that:
Under the doctrine of res judicata, a final judgment ofconviction bars a convicted defendant who was represented bycounsel from raising and litigating in any proceeding except anappeal from that judgment, any defense or any claimed lack of dueprocess that was raised or could have been raised by thedefendant at the trial, which resulted in that judgment ofconviction, or on an appeal from that judgment.
 State v. Perry (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus, 226 N.E.2d 104.
 {¶ 7} It is established that, pursuant to the doctrine of res judicata, a defendant cannot raise an issue in a motion for postconviction relief if he or she could have raised, or did raise, the issue on direct appeal. State v. Reynolds,79 Ohio St.3d 158, 161, 1997-Ohio-304, 679 N.E.2d 1131, citing State v.Duling (1970), 21 Ohio St.2d 13, 254 N.E.2d 670. The doctrine of res judicata promotes the principle of finality of judgments by requiring the presentment of every possible ground for relief in the first action. Kirkhart v. Keiper, 101 Ohio St.3d 377,2004-Ohio-1496, 805 N.E.2d 1089, at ¶ 5, citing Natl.Amusements, Inc. v. Springdale (1990), 53 Ohio St.3d 60, 62,558 N.E.2d 1178. Since Brady failed to raise the trial court's order of court costs and attorney fees as an assignment of error in his direct appeal before this Court, he is barred by res judicata from raising the issue in a post-trial motion. Cf. State v.Horton (1993), 85 Ohio App.3d 268, 271, 619 N.E.2d 527 (holding that appellant preserved the issue of his ability to pay the fine imposed by trial court by filing a motion to vacate the fine twodays after the sentencing hearing). Accordingly, Brady's first assignment of error is overruled.
 {¶ 8} In his second assignment of error, Brady argues that the trial court erred in directing the clerk of courts to request a transfer of Brady's prisoner funds to satisfy the judgment for courts costs and attorney fees. This assignment of error is similar to Brady's first assignment of error in that Brady argues that it is unconstitutional to collect court costs and attorney fees from an indigent defendant. However, Brady's argument in his second assignment of error focuses on the collection of court costs and attorney fees from his prisoner funds while he is incarcerated. This argument is separate and distinct from the argument that it was error for the trial court to impose the court costs and attorney fees. Brady now argues that if he is required to satisfy the judgment for costs and fees he should not have to do so until he is released from prison. Brady did not raise this issue in his motion to vacate payment of court costs, fines, mandatory fines, and/or restitution and, therefore, this issue was not addressed in the trial court's June 15, 2004 judgment entry overruling Brady's motion, from which Brady now appeals.
 {¶ 9} Therefore, the issue of whether the trial court could properly direct the clerk of courts to execute the judgment for court costs and attorney fees against Brady's prisoner funds is not properly before this Court. "An appellate court need not consider an error which a party complaining of the trial court's judgment could have called, but did not call, to the trial court's attention at the time when such error could have been avoided or corrected by the trial court." State v. Williams
(1977), 51 Ohio St.2d 112, 364 N.E.2d 1364, paragraph one of the syllabus, judgment vacated in part on other grounds by Williamsv. Ohio (1978), 438 U.S. 911, 98 S.Ct. 3137, 57 L.Ed.2d 1156. Accordingly, Brady's second assignment of error is overruled.
 {¶ 10} Further, even when we address Brady's arguments on their merits, we must still determine that the trial court properly overruled Brady's motion to vacate costs, fines, mandatory fines, and/or restitution. The Ohio Supreme Court's recent decision in State v. White, 103 Ohio St.3d 580,2004-Ohio-5989, 817 N.E.2d 393, ¶ 15, held that "a trial court may assess court costs against an indigent defendant convicted of a felony as part of the sentence and that a clerk of courts may attempt the collection of court costs assessed against an indigent defendant." Accordingly, the trial court properly assessed court costs against Brady and properly ordered the clerk of courts to attempt to collect such costs from Brady.
 {¶ 11} Therefore, having found no merit with the assignments of error, the judgment of the Common Pleas Court of Marion County is affirmed.
Judgment Affirmed.
 Cupp and Rogers, J.J., concur.