OPINION
{¶ 1} The defendant-appellant, Michael King, appeals the judgment of the Auglaize County Court of Common Pleas denying his motion to withdraw his guilty plea pursuant to Crim.R. 32.1.
 {¶ 2} On January 10, 2000, King was indicted for one count of aggravated robbery in violation of R.C. 2911.01(A)(3), a felony in the first degree; aggravated burglary in violation of R.C. 2911.11(A)(1), a felony in the first degree; kidnapping in violation of R.C. 2905.01(A)(2), a felony in the first degree; felonious assault in violation of R.C.2903.11(A)(1), a felony in the second degree; vandalism in violation of R.C. 2909.05(A), a felony in the fifth degree; burglary in violation of R.C. 2911.12(A)(2), a felony in the second degree; attempted burglary in violation of R.C. 2923.02(A) and 2911.12(A)(2); and two counts of theft in violation of R.C. 2913.02(A)(1), a felony in the fifth degree.
 {¶ 3} On February 7, 2000, King accepted a plea and pled guilty to aggravated burglary, vandalism, burglary, and two counts of theft. The State recommended, inter alia, a total of twenty-one years imprisonment, and the court imposed that sentence.
 {¶ 4} On March 3, 2000, the trial court reconvened to consider King's request to withdraw his guilty plea pursuant to Crim.R. 32.1. At the hearing, King's trial counsel stated that he erroneously gave King information regarding judicial release. Specifically, King's trial counsel stated that he inaccurately advised King that despite his twenty-one year sentence, he would be eligible to file for judicial release after serving ten years. The State did not object to King's request. Accordingly, the trial court allowed King to withdraw his first guilty plea pursuant to Crim.R. 32.1. Furthermore, the trial court reinstated the original indictment.
 {¶ 5} On that same day, King entered a new guilty plea. Under this plea, King pled guilty to two counts of burglary, both felonies in the second degree. Moreover, the State recommended an eight year sentence for one count of burglary and a seven year sentence for the other count to be served consecutively. The Court accepted the plea agreement and sentenced King to fifteen years in prison.
 {¶ 6} On December 16, 2004, King filed a motion to withdraw his second guilty plea pursuant to Crim.R. 32.1. Furthermore, King also requested a hearing. The trial court denied King's motion on January 24, 2005. King appeals alleging two assignments of error. For the sake of judicial economy, both assignments will be discussed together.
The trial court abused its discretion when it overruled Mr. King'smotion to withdraw his guilty plea despite the Presence of Manifestinjustice, in violation of due process
 The trial court abused its discretion when it overruled Mr. King'smotion to withdraw his guilty plea without first conducting anevidentiary hearing, in violation of due process.
 {¶ 7} In the first assignment of error, King argues that he was "under the impression that there would be a joint recommendation of zero to eight years based on the representations of both counsel." Appellant's Brief at p. 5. Accordingly, because the alleged joint sentence recommendation was not made, King contends that he must be allowed to withdraw his guilty plea in order to avoid a manifest injustice. Furthermore, in the second assignment of error, King argues that because the State does not agree that a joint sentence recommendation was required pursuant to the plea agreement, an evidentiary hearing is necessary to resolve the inconsistencies.
 {¶ 8} Crim.R. 32.1 states:
A motion to withdraw a plea of guilty or no contest may be made onlybefore sentencing is imposed; but to correct manifest injustice the courtafter sentencing may set aside the judgment of conviction and permit thedefendant to withdraw his or her plea.
We stated in State v. Walling, 3rd Dist. No. 17-04-12, 2005-Ohio-428, at ¶ 6 (internal citations omitted):
A defendant who seeks to withdraw his guilty plea after sentence hasbeen imposed has the burden of establishing the existence of manifestinjustice. A manifest injustice has been defined as a "clear or openlyunjust act." Moreover, manifest injustice has also been defined as anextraordinary and fundamental flaw in the plea proceeding. A motion madepursuant to Crim.R. 32.1 is addressed to the sound discretion of the trialcourt; therefore, reviewing courts will not reverse a trial court'sdenial of a motion to withdraw a guilty plea absent an abuse ofdiscretion. An abuse of discretion implies that the trial court'sdecision was unreasonable, arbitrary, or unconscionable.
During the March 2000 sentencing, the trial court stated:
The Court: This negotiated plea agreement that I've been handed, it haswhat purports to be your signature on the last page. Is that yoursignature?
 Mr. King: Yes.
 The Court: Have you gone over that carefully with [your attorney]?
 Mr. King: Yes.
 The Court: I know that they just made some changes and there'ssome initials there where they made some changes. Are those yourinitials?
 Mr. King: Yes, they are.
* * *
The Court: Do you have any questions about any of this?
 Mr. King: No.
 The Court: Is this what you understand the agreement to be?
 Mr. King: Yes.
 The Court: Were there any other promises made to you, over andabove what's in this?
 Mr. King: No.
* * *
The Court: Did anyone threaten you or intimidate you in any way to getyou to enter into this plea?
 Mr. King: No.
 The Court: Did anyone promise you anything, other than what's containedin the Negotiated Plea Agreement, in order to get you to enter thisplea?
 Mr. King: No.
 The Court: Do you understand that if you are sentenced consecutively,that if you are sentenced to ten (10) years or more, that you will not beeligible for judicial release?
 Mr. King: Yes.
Sentencing Hearing, March 3, 2000 at pp. 15-17.
 {¶ 9} Based on King's understanding of the plea agreement as stated during the March 3, 2000 sentencing hearing, we conclude that there were no extraordinary or fundamental flaws in the plea proceeding to warrant a manifest injustice. Specifically, we note that King understood that he may be sentenced consecutively. Also, King acknowledged that he was not promised anything as part of his plea agreement. Furthermore, King did not object when the judge sentenced him to fifteen years imprisonment or when the State allegedly failed mention a joint sentence recommendation.
 {¶ 10} Finally, we note that this Court has already addressed a timely appeal of King's March 3, 2000 conviction. See State v. King, 3rd Dist. No. 2-00-13, 2000-Ohio-1922. Thus, under that appeal, King had an opportunity to argue that the State allegedly failed to mention a joint sentence recommendation of zero to eight years. Accordingly, based on the doctrine of res judicata as well as the merits of King's argument in the instant appeal, we conclude that King's first assignment of error is overruled. See, e.g. State v. Brady, 3rd Dist. No. 9-04-33, 2004-Ohio-6490.
 {¶ 11} Based on the foregoing opinion, we need not address whether the trial court erred in denying King's motion for an evidentiary hearing, and the judgment of the trial court is affirmed.
Judgment Affirmed.
 Cupp, P.J. and Bryant, J., concur.