OPINION
{¶ 1} Defendant-Appellant, Michael E. King, appeals the judgment of the Auglaize County Court of Common Pleas, dismissing his motion for post-conviction relief On appeal, King asserts that the trial court abused its discretion in dismissing his motion for post-conviction relief as untimely; that the severance remedy in State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, violates the U.S. Constitution; and, that the due process clause of the U.S. Constitution bars retroactive application of the severance remedy used in Foster because it operates as an ex post facto law. Finding that King's post-conviction petition was untimely, we affirm the judgment of the trial court.
 {¶ 2} In January 2000, the Auglaize County Grand Jury indicted King on one count of aggravated robbery in violation of R.C. 2911.01(A)(3), a felony of the first degree; one count of aggravated burglary in violation of R.C. 2911.12(A)(1), a felony of the second degree; one count of kidnapping in violation of R.C. 2905.01(A)(2), a felony of the first degree; one count of felonious assault in violation of R.C.2903.11(A)(1), a felony of the second degree; two counts of theft in violation of R.C. 2913.02(A)(1), felonies of the fifth degree; one count of vandalism in violation of R.C. 2909.05(A), a felony of the fifth degree; one count of burglary in violation of R.C. 2911.12(A)(2), a felony of the second degree; and, one count of attempted burglary in violation of R.C. 2923.02(A) and R.C. *Page 3 2911.12(A)(2), a felony of the third degree. Subsequently, King entered a plea of not guilty to all counts in the indictment.
 {¶ 3} In February 2000, King withdrew his not guilty plea and entered a negotiated plea of guilty to the aggravated burglary, burglary, vandalism, and theft counts in exchange for a dismissal of the remaining counts, which the trial court accepted. Thereafter, the trial court sentenced King to an aggregate prison term of twenty-one years.
 {¶ 4} In March 2000, King requested to withdraw his guilty plea, which the trial court granted. The trial court reinstated the original indictment and granted the State leave to amend the aggravated burglary count to burglary. Subsequently, King entered a negotiated plea of guilty to both burglary counts in the amended indictment in exchange for a dismissal of the remaining counts. Thereafter, the trial court sentenced King to eight-year prison terms on both burglary counts, to be served consecutively. King appealed from his conviction and sentence.
 {¶ 5} In August 2000, we affirmed King's conviction and sentence. SeeState v. King, 3d Dist. No. 2-2000-13, 2000-Ohio-1922.
 {¶ 6} In June 2001, King moved for modification of his sentence pursuant to R.C. 2929.51, which the trial court denied on the grounds of res judicata.[1] *Page 4 
 {¶ 7} In December 2004, King moved to withdraw his guilty plea pursuant to Crim.R. 32.1 and requested a hearing, which the trial court denied.
 {¶ 8} In February 2005, King appealed from the trial court's denial of his motion to withdraw his guilty plea.
 {¶ 9} In June 2005, we affirmed the trial court's denial of King's motion to withdraw his guilty plea. See State v. King, 3d Dist. No. 2-05-08, 2005-Ohio-3234.
 {¶ 10} In June 2006, King filed a post-conviction petition to vacate or set aside his conviction or sentence, alleging that his sentence violated Blakely v. Washington (2004), 542 U.S. 296, andFoster. Consequently, the trial court appointed counsel to represent King and granted an extension of time to brief the grounds for the petition.
 {¶ 11} In September 2006, after a withdrawal by counsel, King filed another post-conviction petition to vacate or set aside his conviction or sentence.
 {¶ 12} In May 2007, the trial court denied King's post-conviction petition as being untimely filed.
 {¶ 13} It is from this judgment that King appeals, presenting the following assignments of error for our review. *Page 5 
 Assignment of Error No. I THE TRIAL COURT ABUSED ITS DISCRETION WHEN DISMISSING DEFENDANTS (Sic.) MOTION FOR POSTCONVICTION RELIEF DUE TO BEING UNTIMELY FILED.
 Assignment of Error No. II THE BOOKER SEVERANCE REMEDY MAINTAINED SIGNIFICANT SENTENCING ELEMENTS OF THE FEDERAL SENTENCING STATUTES THAT THE OHIO SUPREME COURT'S SEVERANCE REMEDY COMPLETELY REMOVED IN THE CORRESPONDING OHIO STATUTES.
 Assignment of Error No. III THE DUE PROCESS CLAUSE OF THE UNITED STATES CONSTITUTION BARS RETROACTIVE APPLICATION OF SEVERANCE REMEDY ADOPTED IN STATE V. FOSTER. SEVERANCE OPERATES AS AN EX POST FACTO LAW.
 {¶ 14} Due to the nature of King's assignments of error, we elect to address his assignments of error together.
 Assignments of Error Nos. I, II, III {¶ 15} In his first assignment of error, King asserts that the trial court abused its discretion in denying his post-conviction petition for being untimely filed. Specifically, King contends that he was sentenced under an unconstitutional statute; that he could not have raised the issue sooner because he could not foresee Foster's outcome and remedy; and, that his post-conviction petition was timely filed following theFoster decision. In his second and third assignments of error, *Page 6 
King essentially restates the argument set forth in his first assignment of error. We disagree.
 {¶ 16} R.C. 2953.21 governs post-conviction petitions for relief and permits an offender "who claims that there was such a denial or infringement of his rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States" to challenge his sentence. R.C. 2953.21(A)(1)(a).
 {¶ 17} However, R.C. 2953.21(A)(2) mandates that motions for post-conviction relief "shall be filed no later than one-hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal." Moreover, R.C. 2953.23(A) divests a court of jurisdiction to hear an appeal after the expiration of the one-hundred eighty day period set by R.C. 2953.21(A)(2) unless an exception under R.C. 2953.23(A)(1) or (2) is met.
 {¶ 18} The first exception requires that a petitioner demonstrate that his asserted claim is based on a newly recognized federal or state right that arose subsequent to the one-hundred eighty day period, and that "but for constitutional error at trial, no reasonable fact finder would have found the petitioner guilty of the offense * * *." R.C.2953.23(A)(1)(a)-(b). The second exception, R.C. 2953.23(A)(2), allows an untimely post-conviction appeal for certain situations involving DNA analysis. *Page 7 
 {¶ 19} Here, King entered his second negotiated guilty plea, was convicted and sentenced, and appealed his conviction and sentence in March 2000. We affirmed his conviction and sentence in August 2000. King did not file this post-conviction petition until June 2006, nearly six years after the date on which the trial transcript was filed in the court of appeals in his direct appeal from his conviction and sentence. Accordingly, unless one of the exceptions to the one-hundred eighty day period applies, the trial court lacked jurisdiction to consider King's post-conviction petition.
 {¶ 20} Regarding the first exception under R.C. 2953.23(A)(1), King has failed to show that his asserted claim is based on a newly recognized federal or state right that arose subsequent to the one-hundred eighty day time period. Although Foster held that portions of Ohio's felony sentencing framework were unconstitutional and void, including the provision requiring judicial findings before imposition of consecutive sentences, 109 Ohio St.3d at ¶ 67, it also limited retroactive application of its holdings to those cases pending on direct review or not yet final. Id. at ¶ 104. At the time Foster was issued in February 2006, King's case was well past the point of direct review and was final. Consequently, Foster does not apply to King and he has failed to meet the first exception to the one-hundred eighty day time period. Likewise, the DNA exception under R.C. *Page 8 2953.23(A)(2) is inapplicable to this case. Thus, we find that King's post-conviction petition was untimely and that the trial court properly denied it.
 {¶ 21} Accordingly, we overrule King's first, second, and third assignments of error.
 {¶ 22} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 PRESTON and WILLAMOWSKI, JJ., concur. r
[1] We note that R.C. 2929.51, which was repealed effective January 2004, involved modification and suspension of sentences and applied solely to sentences for misdemeanors, not felonies. As such, R.C.2929.51 did not apply to King and he incorrectly relied on that provision in challenging his sentence. Accordingly, King's motion for modification was really a motion for post-conviction relief under R.C.2953.21. *Page 1