The STATE of Ohio, Appellee,

v.

MEYER, Appellant.

[Cite as *State v. Meyer* (1997), 124 Ohio App.3d 373.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–961044.

Decided Dec. 5, 1997.

*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *William Breyer,* Assistant Prosecuting Attorney, for appellee.

*Matthew Ernst,* for appellant.

GORMAN, Judge.

In this appeal from a conviction for tampering with a coin machine, we revisit the issue of when the trial court is required under R.C. 2947.14(A) to conduct a hearing to determine a defendant's ability to pay a fine. Specifically, we examine whether the statute's language requiring a hearing "at the time of sentencing" should be construed literally. Because other language in the statute clearly indicates that the hearing requirement is not triggered until the trial court decides to incarcerate the offender for failure to pay the fine, and because constitutional concerns do not arise until then, we modify our previous holdings in *State v. Stevens* (Nov. 19, 1986), Hamilton App. Nos. C–860106 and C–860107,

unreported, 1986 WL 13163, and *State v. Wiggins* (July 1, 1992), Hamilton App. No. C–910620, unreported, 1992 WL 156122, that R.C. 2947.17(A) requires a hearing whenever a fine is merely imposed. Rather, we now hold that the hearing requirement of R.C. 2947.17(A) does not arise until the trial court decides to incarcerate the offender for failure to pay.

The defendant-appellant, John E. Meyer, was convicted following a plea of guilty to a violation of R.C. 2911.32(A), tampering with coin machines, a first-degree misdemeanor. His conviction resulted from his arrest in which he was caught in the act of attempting to open a Pepsi Cola vending machine at the Marriott Hotel. The trial court suspended a six-month sentence and placed Meyer on probation for a period of two years. Among the conditions of his probation, Meyer was ordered to perform one hundred hours of community service and to pay a fine of $500 plus court costs. There is nothing in the record to suggest that Meyer has proven unable to pay the fine as required by the terms of his probation.

In his first assignment of error, Meyer, relying upon R.C. 2947.14(A) and this court's decisions in *Stevens* and *Wiggins, supra,* asserts that the trial court erred by imposing a fine without first holding a hearing to consider his ability to pay. Meyer argues that the trial court's failure to hold such a hearing is sufficient by itself to render the fine unenforceable.

R.C. 2947.14(A) provides:

"If a fine is imposed as a sentence or a part of sentence, the court or magistrate that imposed the fine may order that the offender be committed to the jail or workhouse until the fine is paid or secured to be paid, or he is otherwise legally discharged, if the court or magistrate determines at a hearing that the offender is able, at the time, to pay the fine but refuses to do so. *The hearing required by this section shall be conducted at the time of sentencing.*" (Emphasis added.)

The state argues that the hearing required by this section "would not apply in this case unless [Meyer] were going to be sent to jail for failing or refusing to pay his fine." In *Stevens* and *Wiggins,* however, this court construed the above language to require that a trial court must hold a hearing "at the time of sentencing" whenever a fine is imposed even though the offender does not face incarceration. Furthermore, in *Stevens* and *Wiggins* we held that the hearing was a mandatory, not a discretionary, procedure, and therefore the failure to hold such a hearing was error as a matter of law.

Subsequently, in *State v. Horton* (1993), 85 Ohio App.3d 268, 619 N.E.2d.527, the Franklin County Court of Appeals expressly concurred with our holdings in *Stevens* and *Wiggins.* The *Horton* court held that a defendant is not required "to

wait to object to the fine until he is penalized for failure to pay the fine, since the lack of a hearing at the time of sentencing rendered the fine unenforceable." *Id.* at 271, 619 N.E.2d at 529. *Horton,* in turn, was followed by the Clark County Court of Appeals in *State v. Phinizee* (July 5, 1996), Clark App. No. 95–CA–54, unreported, 1996 WL 391722. In *Phinizee,* however, Judge Fain noted that the first sentence in R.C. 2947.14(A) suggested that a hearing was required only when the trial court proposed to incarcerate an offender for nonpayment of a fine, a construction that was at odds with a literal construction of the second sentence.

Other courts of appeals have rejected the construction of R.C. 2947.14 in *Stevens, Wiggins, Horton,* and *Phinizee.* Focusing on the full effect of that construction, the Eight District Court of Appeals in *State v. Johnson* (1995), 107 Ohio App.3d 723, 728, 669 N.E.2d 483, 487, stated:

"Carried to its logical conclusion * * * *Horton* requires every sentencing court, including traffic referees and even mayor's court officers, to conduct a hearing on the defendant's ability to pay a fine without undue hardship at the time of sentencing. That burden is not the requirement of the United States Supreme Court, the Ohio Supreme Court, or R.C. 2947.14. We believe the word 'sentencing' as used [in the sentence italicized in the above quotation from R.C. 2947.14(A) ] refers to a hearing held after the original sentence has been imposed, but prior to committing the delinquent offender to jail for nonpayment." See, also, *State v. Rowley* (Mar. 19, 1997), Union App. No. 14–96–38, unreported, 1997 WL 123623.

Application of our holdings in *Stevens* and *Wiggins* to the case at bar would, arguably, require us to hold that the trial court erred by failing to conduct a hearing in accordance with R.C. 2947.14 when it imposed a fine as a condition of Meyer's probation at the time of sentencing. However, upon further reflection, we find it necessary to modify our previous holdings with respect to the proper construction of R.C. 2947.14(A). In this regard, we concur with the Eighth District in *Johnson* that the literal construction we adopted in *Stevens* and *Wiggins* imposes a burdensome hearing requirement at all levels of the adjudicatory process whenever a fine is imposed at sentencing. Such a hearing would require the judge or referee to conduct a detailed inquiry into the offender's income, assets, and debts before pronouncing any fine. See R.C. 2947.14(B). Though burdensome, such a requirement would be palatable were it constitutionally required. However, as *Johnson* points out, no such hearing requirement is mandated by either the federal or the Ohio Constitution.

R.C. 2947.14 and its statutory predecessor, R.C. 2947.20, were designed by the legislature to "provide a method for the collection of a fine where an offender is unwilling to pay." *Cleveland v. Anderson* (1992), 82 Ohio App.3d 63, 67, 611 N.E.2d 439, 441, citing *Strattman v. Studt* (1969), 20 Ohio St.2d 95, 49 O.O.2d 428,

253 N.E.2d 749. See, also, *Alliance v. Kelly* (1988), 48 Ohio App.3d 133, 548 N.E.2d 952. As noted by the court in *Studt*:

"The idea of paying fines to the state originated sometime in the 11th century when a criminal paid a *wite* to the king as part of his punishment. See 2 Pollock & Maitland, History of English Law (2 Ed.) 448–451. History also reveals that most people who were unable to pay the *wite* were sold into slavery, presumably to repay the purchaser by labor. See *id.*, at 460, 516. Incarceration until the fine was paid was a moderation of the slavery penalty and its primary aim was to secure payment in a more civilized manner. Cf. *id.*, at 464, 518. Nevertheless the thrust of the original idea was that a man should work out his fine." *Studt* at 100, 49 O.O.2d at 431, 253 N.E.2d at 753.

By requiring a hearing prior to incarceration for nonpayment of fines, R.C. 2947.14(A) protects the right of a criminal defendant not to be imprisoned for nonpayment of a fine due to indigency. See *Williams v. Illinois* (1970), 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586, and *Tate v. Short* (1971) 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130. An offender may be incarcerated for his unwillingness to pay a fine, but not, consistent with the constitutional principles of due process and equal protection, for his inability to pay. Mere pronouncement of a fine, however, as opposed to its enforcement, does not invoke the constitutional concern.

Not only does the Constitution not impose a hearing requirement when a fine is merely pronounced, but we are also convinced, upon further reflection, that the legislature in enacting R.C. 2947.14(A) never meant to impose such a require- ment. As noted by Judge Fain, the first sentence of subsection (A) clearly indicates that the need for a hearing arises only after a fine is imposed but before the offender is to be incarcerated for failure to pay the fine. To give the second sentence a literal construction, as we did in *Stevens* and *Wiggins,* completely ignores the first sentence, rendering it meaningless. A proper construction harmonizes the language of the statute and holds that a hearing is required only when the court is attempting to enforce the fine by committing the offender to incarceration.

We hold, therefore, that R.C. 2947.14(A) did not require a hearing in the present case because the trial court merely imposed a fine. Because the trial court has not yet sought to enforce the fine with incarceration, the duty to hold a hearing under R.C. 2947.14(A) is not triggered. We note, further, that payment of the fine in this case was technically a condition of Meyer's probation, and therefore, should he be unable to pay and his probation sought to be revoked, he is entitled to a hearing under Crim.R. 32.3. In either case, the hearing requirement is conditioned upon the trial court's decision to incarcerate him.

■ That is not to say, though, that the trial court was not without any duty to inquire regarding Meyer's ability to pay a fine. That duty arises, however, from R.C. 2929.22, which obligates the court, in determining whether to impose a fine for a misdemeanor, to consider "the ability and resources of the offender and the nature of the burden that payment of a fine will impose on him." R.C. 2929.22(A). Such an inquiry is more limited than the hearing imposed by R.C. 2947.14(A), which requires findings of fact with respect to the offender's income, assets, and debts. In the present case, we hold that the duty of inquiry was satisfied when, prior to imposing a fine, the trial court was assured that Meyer was employed by his brother and was earning an hourly wage of $6.

Meyer's first assignment of error is, therefore, overruled.

In his second assignment of error, Meyer asserts that the trial court erred by "making a determination that [Meyer] was not indigent without making an inquiry into the considerations as set forth in R.C. 2929.14." R.C. 2929.14 applies, however, to the imposition of a fine for a felony and is therefore inapposite here. Meyer's second assignment of error is overruled.

■ In his third assignment of error, Meyer argues that the trial court erred by failing to "assure itself that [Meyer] made a knowing and intelligent waiver of his right to have his ability to pay the fine determined." Meyer relies upon *Karr v. Blay* (N.D.Ohio 1976), 413 F.Supp. 579, for the proposition that R.C. 2929.12(F) requires a judge, prior to imposing a fine, either to determine the defendant's ability to pay the fine or obtain a knowing and intelligent waiver of his right to such a determination. *Karr*, however, has been interpreted to apply only to the enforcement of the fine. See *State v. McClellan* (June 9, 1992), Lawrence App. No. 1548, unreported. Furthermore, although Meyer argues that the trial court deprived him of the right to allocution contained in R.C. 2947.05 and Crim.R. 32(A)(1), we hold, upon review of the record, that both the statute and the rule of procedure were satisfied. See *State v. Davis* (1983), 13 Ohio App.3d 265, 13 OBR 329, 469 N.E.2d 83.

■ Finally, in his fourth assignment of error, Meyer argues that the trial court erred by placing him on probation for a period of two years. According to Meyer, R.C. 2901.02(F) forbids the trial court from imposing more than one year of probation for a misdemeanor. Under R.C. 2951.07 and 2929.51(F)(2), however, the sentence imposed was clearly one allowed by law.

Accordingly, the judgment of the trial court is affirmed.

*Judgment affirmed.*

HILDEBRANDT, P.J., and SUNDERMANN, J., concur.