OPINION
The present appeal emanates from the decision of the Belmont County Court of Common Pleas sentencing John Henry Higgenbotham on one count of gross sexual imposition and adjudicating him a sexual predator. For the reasons set forth below, the decision of the trial court is affirmed in part, reversed in part and this cause is remanded for further proceedings consistent with this court's opinion.
 I. FACTS
On July 3, 1997, John Henry Higgenbotham ("appellant") was indicted on one count of rape in violation of R.C.2907.02(A)(1)(b), a felony of the first degree. The indictment specified that on or about March 12, 1997, appellant engaged in sexual conduct with his granddaughter, Josett L. McMillan (D.O.B.: 11/22/93). Appellant was subsequently arraigned on July 10, 1997 at which time he entered a plea of not guilty, had counsel appointed to him due to his indigency and was released on bond. Appellant would eventually have his bond revoked at the state's request due to the fact that he was charged with driving under the influence, allegedly driving by the residence of the victim on a number of occasions and allegedly had taken Polaroid pictures of a residence where the victim's mother had been visiting.
Ultimately, at the state's request the trial court amended the original indictment to reflect one count of gross sexual imposition in violation of R.C. 2907.05(A)(4), a felony of the third degree. On December 1, 1997 in response to this amendment, appellant agreed to withdraw his not guilty plea and enter a plea of guilty to the amended charge. The trial court accepted said plea and ordered that both a pre-sentence investigation report and victim impact statement be obtained. In its December 2, 1997 journal entry, the trial court stated that "sentencing" would occur on December 8, 1997. No indication was made that the trial court would also consider on this date the question of whether or not appellant should be adjudicated a sexual predator.
The trial court conducted the sentencing hearing as scheduled at which time the victim's mother made a statement. Appellant offered nothing on his behalf with the exception of a written statement regarding his inability to work and his current medical condition. Based upon the facts and circumstances surrounding the case, the trial court imposed the maximum sentence (five years) and maximum fine ($10,000). Additionally, the trial court adjudicated appellant a sexual predator. It is from this decision that appellant filed a timely notice of appeal on December 31, 1997 in which three assignments of error are asserted.
 II. ASSIGNMENT OF ERROR NUMBER ONE
Appellant's first assignment of error reads as follows:
 "THE TRIAL COURT ERRED IN ADJUDICATING THE DEFENDANT A SEXUAL PREDATOR WITHOUT GIVING NOTICE AND CONDUCTING A PROPER HEARING."
Under appellant's first assignment of error, it is argued that the trial court erred in adjudicating him a sexual predator as proper notice was not provided regarding the adjudication. While appellant concedes that he was notified that a "sentencing hearing" would be conducted on December 8, 1997, no reference was ever made to the fact that the trial court would also be considering whether to label appellant a sexual predator. This failure to provide appellant proper notice is viewed as denying him the opportunity to put forth a prepared defense on this issue. For example, appellant was not ready to present witness and expert testimony nor could he have anticipated the necessity to make a statement on his own behalf.
 A. APPLICABLE LAW
In regards to the issue of a sexual predator determination hearing and notice thereof, R.C. 2950.09(B)(1) states in relevant part as follows:
 "Regardless of when the sexually oriented offense was committed, if a person is to be sentenced on or after the effective date of this section for a sexually oriented offense that is not a sexually violent offense * * *, the judge who is to impose the sentence upon the offender shall conduct a hearing to determine whether the offender is a sexual predator. The judge shall conduct the hearing prior to sentencing and, if the sexually oriented offense is a felony, may conduct it as part of the sentencing hearing required by section 2929.19 of the Revised Code. The court shall give the offender and the prosecutor who prosecuted the offender for the sexually oriented offense notice of the date, time, and location of the hearing. At the hearing, the offender and the prosecutor shall have an opportunity to testify, call and examine witnesses and expert witnesses, and cross-examine witnesses and expert witnesses regarding the determination as to whether the offender is a sexual predator." (Emphasis added).
In applying this section of the statute as it relates to notice of the sexual predator determination hearing, a number of districts have held that a failure to provide proper notice warrants a reversal of the sexual predator adjudication. State v.Jones (Sept. 30, 1999), Cuyahoga App. No. 74503, unreported at 1;State v. Thomas (Aug. 10, 1999), Meigs App. No. 98CA16, unreported at 5; State v. Jodziewicz (Apr. 16, 1999), Adams App. No. 98CA667, unreported at 1; State v. Hanrahan (Mar. 5, 1998), Franklin App. No. 97APA03-394, unreported at 3-4; State v. Ramsey
(Dec. 22, 1997), Clermont App. No. CA97-03-025, unreported at 2 (upheld in State v. Ramsey (1998), 84 Ohio St.3d 21). Similarly, it has been held that notice regarding an individual's sentencing
hearing is not sufficient in and of itself to meet the mandatory notice requirement set forth in R.C. 2950.09(B)(1). Thomas,Jodziewicz and Ramsey, supra. Therefore, the foregoing cases make it abundantly clear that the primary consideration on appeal is whether or not the defendant was provided the opportunity to be heard in a meaningful manner.
 B. ANALYSIS
In light of the statutory language and its purpose in conjunction with the reasoning set forth in the aforementioned cases, we must hold that the trial court erred in adjudicating appellant a sexual predator when it had not previously provided proper notice of the sexual predator determination hearing. When the trial court set the December 8, 1997 hearing, it merely stated in its journal entry that appellant's sentencing would occur on that day. The record is devoid of any reference to a sexual predator hearing until the state made mention of such during the sentencing proceedings. Absent the proper notice, appellant was not provided the opportunity to present a defense on his behalf. Such is synonymous with a deprivation of one's due process rights.
The state argues in contravention to appellant's position that the Belmont County Court of Common Pleas routinely holds the sexual predator determination hearing at the same time the sentencing hearing is conducted and that this process is permitted by statute. While this procedure is in fact permitted pursuant to R.C. 2950.09(B)(1) in the case of felonies, it does not equate to a finding that the state may ignore the mandatory notice requirement. In the event both matters are held together, the trial court still must provide proper notice to the defendant that the sexual predator determination is to be conducted. Merely advising a defendant that he will be sentenced on a certain date does not meet the notice requirement for sexual predator purposes. Ramsey, Thomas and Jodziewicz, supra.
The state further argues that appellant's failure to object at the trial court level in regards to the lack of notice resulted in a waiver of the issue on appeal. While this is true if the error is only harmless in nature, the principle of waiver does not apply if the trial court's actions constituted plain error. Crim.R. 52(B) provides as follows in regards to plain error:
 "Plain error or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."
In the case sub judice, the trial court's actions constituted plain error as they deprived appellant the due process he is afforded by statute. Absent the requisite notice, appellant was not provided the opportunity to present a proper defense on his own behalf as related to the sexual predator determination. For example, appellant was ill-prepared to summon witnesses who would support a finding that he was not likely to re-offend in the future. Similarly, appellant did not have the opportunity to prepare a statement which could have weighed against the imposition of sexual predator status. A review of the transcript from the hearing supports the conclusion that counsel was not prepared to argue against a sexual predator adjudication. Thus, the lack of notice was plain error and therefore was preserved despite the failure of counsel to object at the sentencing hearing. Accord Jones, supra.
Consequently, appellant's classification as a sexual predator is vacated and this matter is remanded for a sexual predator determination hearing with proper notice of the hearing being issued to all parties. Moreover, on remand this court would remind the trial court of its obligation to consider the factors set forth pursuant to R.C. 2950.09(B)(2) and the need to find by clear and convincing evidence that appellant is likely to re-offend in the future.
 III. ASSIGNMENT OF ERROR NUMBER TWO
Appellant's second assignment of error reads as follows:
 "THE TRIAL COURT ERRED BY IMPOSING THE MAXIMUM SENTENCE WITHOUT COMPLYING WITH SENTENCING GUIDELINES."
Appellant next argues that the trial court erred when it sentenced him to the maximum prison term of five years without providing the necessary justification for said sentence. In that appellant committed a single offense, he argues the trial court was required to apply statutory guidelines to determine whether the maximum sentence was appropriate. A review of the trial court's sentencing entry leads appellant to the conclusion that the trial court failed to indicate its reasoning for levying the sentence it chose. For these reasons, appellant requests that this court either remand for resentencing or modify his sentence as permitted by R.C. 2953.08.
 A. APPLICABLE LAW
In the case at bar, appellant was sentenced on one count of gross sexual imposition in violation of R.C. 2907.05(A)(4), a felony of the third degree. Pursuant to R.C. 2929.14(A)(3), third degree felonies are punishable by prison terms of one, two, three, four or five years. In that the trial court chose to impose the maximum prison term for the single offense at issue in the present case, R.C. 2953.08(A)(1)(b) provides for an appeal as a matter of right. Moreover, as this court previously stated inState v. Roth (May 14, 1999), Belmont App. No. 97-BA-58, unreported, R.C. 2953.08(G) provides that an appellate court hearing an appeal of a felony sentence may modify the sentence or vacate and remand the matter to the trial court for resentencing if the court clearly and convincingly finds any of the following:
"(1) That the record does not support the sentence;
* * *
(4) That the sentence is otherwise contrary to law."
Therefore, this court must examine appellant's sentence with an eye towards whether the record supports the sentence or whether the sentence is otherwise contrary to law.
Since (1) there is no indication in the record that appellant previously served any prison time, (2) we are dealing with a single offense, and (3) the trial court chose to impose the maximum sentence available under the law; various statutory sections came into play when the trial court imposed the sentence against appellant. When dealing with situations where a defendant who has not previously served a prison term is being sentenced, R.C. 2929.14(B) provides as follows:
 "* * * if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." (Emphasis added).
In the event a trial court opts for the maximum sentence available under the law, R.C. 2929.14(C) also applies:
 "* * * the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section." (Emphasis added)
R.C. 2929.19(B)(2)(d) acts in concert with R.C. 2929.14(C) when dealing with the situation whereby the trial court sentences a defendant to the maximum term of imprisonment despite the fact that it is dealing with a single offense. The statute provides as follows:
 "(B)(2) The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
* * *
 (d) If the sentence is for one offense and it imposes a prison term for the offense that is the maximum prison term allowed for the offense by division (A) of section 2929.14 of the Revised Code, its reasons for imposing the maximum prison term." (Emphasis added).
The Ohio Supreme Court has recently taken the opportunity to provide guidance as to what steps trial courts must take in order to comply with the above noted sections. As to R.C. 2929.14(B), the court indicated that the record must reflect that the trial court found that "either or both of the two statutorily sanctioned reasons for exceeding the minimum term warranted the longer sentence." State v. Edmonson (1999), 86 Ohio St.3d 324,326. While the trial court is not required to give its reasons for reaching this finding, it must nonetheless explicitly indicate in the record that the shortest prison term would either demean the seriousness of the conduct or would not adequately protect the public from future crimes. Id. Absent this specification, a trial court may not stray from the statutorily mandated minimum sentence. Id.
As to R.C. 2929.14(C), the court similarly held that a trial court must record a finding that the defendant fits into one of the categories of offenders listed in the statute section. Id. at 329. While the court again need not itemize its reasons for reaching the conclusion, it must still specify its finding in the record. Id. Statements by a trial court which may impliedly demonstrate that the court made the requisite finding pursuant to R.C. 2929.14(C) are not sufficient. Id. Notwithstanding the sentencing court's authority to impose the maximum term, it is obligated to divulge its rationale for imposing such a sentence. R.C. 2929.19(B)(2). Specifically, pursuant to R.C.2929.19(B)(2)(d) a trial court must set forth its reasons for finding that the maximum sentence was appropriate even though the defendant is only being sentenced on a single offense. Id. Unlike the previous two statutory sections discussed herein, the trial court must set forth support for its decision under R.C.2929.19(B)(2)(d)
 B. ANALYSIS
A review of the record in the case at bar reveals that the trial court failed to comply with all of the applicable statutory requirements when it chose to impose the maximum sentence for a single offense when there was no indication that appellant served prior prison time. The trial court's sentencing entry does illustrate that there was compliance with R.C. 2929.14(B). The court clearly finds at page two of its entry that the imposition of community control sanctions would demean the seriousness of the offense and would fail to adequately protect the public from future crime. As stated in Edmonson, supra, the trial court was not required to indicate on the record its reasons for arriving at this finding. Due to the fact that the court met this statutory factor, it was permitted to impose a prison term which was of a longer duration than the minimum statutory term of imprisonment under R.C. 2929.14(A)(3).
However, the record fails to reveal any compliance with R.C.2929.14(C) as to imposing the maximum sentence. A review of both the sentencing entry and the transcript from the sentencing hearing supports appellant's contention in this aspect. At no point in time does the trial court assert that appellant committed the worst form of the offense which he was charged with. Similarly, the trial court does not make any of the other findings available under R.C. 2929.14(C) which would permit the imposition of the maximum sentence. Absent such a finding, appellant's sentence must be vacated as it is contrary to law.Id. at 329.
While the trial court did make statements on the record and in its sentencing entry which impliedly demonstrate that appellant committed the worst form of the offense, it is not for this court to make assumptions regarding appellant's categorization under R.C. 2929.14(C). It is the trial court's duty to affirmatively demonstrate its compliance with this statute so as to verify that it conformed with the policies set forth by the General Assembly when it drafted the sentencing statutes. Id.
As to R.C. 2929.19(B)(2)(d), the trial court's statements in the sentencing entry do indicate that reasons were provided for imposing the maximum sentence. For instance, the trial court stated that the offender did not show genuine remorse and had utilized his relationship with the child in order to effectuate the offense. Furthermore, the trial court made a number of statements on the record as to the child's psychological trauma and the gravity of the offense. However, any reasoning by the trial court must be accompanied by the appropriate finding pursuant to R.C. 2929.14(C). Since the trial court did not make the necessary finding, its reasoning as outlined in its entry was fruitless.
Due to the trial court's noncompliance with all applicable statutory sentencing requirements, it is held that appellant's second assignment of error also has merit.
 IV. ASSIGNMENT OF ERROR NUMBER THREE
Appellant's final assignment of error asserts as follows:
 "THE TRIAL COURT ERRED BY IMPOSING A MAXIMUM FINE WITHOUT COMPLYING WITH STATUTORY GUIDELINES."
In appellant's final assignment of error, it is argued that the trial court erred when it imposed the maximum fine as appellant was determined to be indigent. Appellant indicates that the trial court found him to be indigent for both trial and appellate purposes. In light of his inability to pay, appellant asserts that the trial court should have considered such prior to imposing a fine. The failure to do so is argued to warrant a reversal.
 A. APPLICABLE LAW
Pursuant to R.C. 2929.18(A)(3)(c), a trial court may impose a financial sanction of not more than ten thousand dollars for the commission of a third degree felony. Furthermore, R.C. 2929.18(E) specifically states that a court imposing a financial sanction may hold a hearing to determine whether an offender is able to pay the sanction or is likely in the future to be able to pay it. The language utilized by the General Assembly, as it relates to a hearing, unambiguously makes the holding of such purely discretionary.
Moreover, Ohio courts have distinguished between the initial imposition of a fine and any subsequent incarceration for the nonpayment of the fine. While R.C. 2929.18(E) makes a hearing discretionary when initially imposing the fine, R.C. 2947.14
mandates that a hearing be held to determine the ability to pay in the event an offender is facing incarceration due to non-payment. State v. Meyer (1997), 124 Ohio App.3d 373; State v.Johnson (1995), 107 Ohio App.3d 723. Similarly, a distinction exists between an offender's ability to pay a fine and the offender's need for appointed counsel due to indigence. State v.Powell (1992), 78 Ohio App.3d 784, 789. The difference exists in the offender's ability to raise the initial retainer needed to obtain counsel as opposed to the period of time given to gradually pay the imposed fine. Id.
 B. ANALYSIS
A review of the record as related to the imposition of the fine in the case at bar reveals that such was not contrary to law. Therefore, the trial court's decision in this respect must be affirmed.
As aforementioned, R.C. 2929.18(A)(3)(c) permits a trial court to impose a fine of up to ten thousand dollars when sentencing an offender on a third degree felony. While the trial court chose the maximum fine in the case at bar, it was clearly within the permitted statutory limits. The court gains further support for its decision from R.C. 2929.13(A) which states that a sentencing court may impose any sanction or combination thereof in order to fulfill the principles and purpose of sentencing as set forth in R.C. 2929.11. Additionally, since the trial court was only imposing the fine rather than sentencing appellant for nonpayment, a hearing as to the ability to pay was discretionary. R.C. 2929.18(E). In the event appellant is later brought before the court for failing to pay the fine, then he would be entitled to a hearing as to the ability to pay such. R.C. 2947.14. Until appellant is placed in this position, there is no requirement upon the court to hold a hearing as to appellant's ability to pay. Meyer and Johnson, supra. It should further be noted that while appellant has initially had a fine levied against him, he may later petition the court for said fine to be suspended pursuant to R.C. 2929.18(G). Under this section of the statute, an offender may request that a previously imposed fine be suspended in the event he has fully completed all other sanctions to the court's satisfaction. Hence, appellant is able to avail himself of this option in addition to the remedy provided pursuant to R.C. 2947.14.
Based upon the foregoing, it cannot be held that the trial court erred when it imposed the maximum fine. However, this court would note that the imposition of said fine is not likely to result in any benefit to society or any detriment to appellant. As previously discussed, appellant was appointed counsel at both the trial and appellate levels due to the fact that he was determined to be indigent. Additionally, at sentencing, counsel for appellant provided documentation to the trial court indicating that appellant was permanently disabled and was unable to work. Since appellant was fifty-nine years of age at the time of sentencing, it is extremely unlikely that he will ever be in a position to fulfill any obligation to pay on the fine. The end result will almost certainly be that appellant is brought before the trial court at some point in time in the future pursuant to R.C. 2947.14 and determined to be unable to pay the fine. Nonetheless, the trial court was permitted to exact the fine no matter how empty the threat.
For the foregoing reasons, the decision of the trial court is affirmed in part, reversed in part and this cause is remanded so as the trial court may: (1) conduct a second sexual predator hearing once adequate notice has been provided; and (2) resentence appellant in compliance with all applicable statutory sections.
COX, P.J., DONOFRIO, J., concurs.
 _________________________ JOSEPH J. VUKOVICH, JUDGE