OPINION
{¶ 1} Defendant Lonnie R. Chaney appeals a judgment of the Municipal Court of Delaware County, Ohio, which overruled his motion to vacate payment of court fines made pursuant to R.C.2929.29. Appellant assigns a single error to the trial court:
 {¶ 2} "I. Whether the trial court abused its discretion and violated procedural due process by denying appellant's motion to vacate costs and fee(s) without first according appellant a hearing on the matter."
 {¶ 3} The record indicates appellant moved the court to vacate payment of court costs while incarcerated in the North Central Correctional Institution of Marion, Ohio. The costs were imposed by judgment entry of July 30, 2002, and gave appellant until August 21, 2002, to either pay the fines and costs or to show cause why he could not. Appellant did not appear for the show-cause hearing, and the court issued a bench warrant.
 {¶ 4} The trial court did not hold a hearing on the motion to vacate payment of court costs, finding the motion was untimely, lack sufficient legal basis, and lack sufficient factual basis. Appellant did not request written findings of fact and conclusions of law.
 {¶ 5} Appellant has not demonstrated any attempt had been made to collect the fines.
 {¶ 6} In the case of State v. White, 103 Ohio St. 3d 580,2004-Ohio-5989, the Ohio Supreme Court found a trial court may assess court costs against an indigent defendant convicted of a felony as part of the sentence. The Clerk of Courts may attempt to collect the costs from the indigent defendant. Here, the costs arose from a misdemeanor offense, but we find that fact alone does not render White inapplicable here.
 {¶ 7} R.C. 2929.18 makes a hearing discretionary when the court initially imposes a fine, but R.C. 2947.14 mandates a hearing held to determine an offender's ability to pay in the event he faces incarceration due to non-payment, see State v.Meyer (1997), 124 Ohio App. 3d 373, 706 N.E. 2d 378.
 {¶ 8} In the event appellant is at some later time brought before the trial court for failure to pay his fine and costs, he would be entitled to a hearing as to his ability to pay. Appellant has not demonstrated any attempt to enforce the fine and costs. An attempt to enforce a fine, costs, or any other financial sanction will trigger due process and hearing requirements, see, e.g. Williams v. Illinois (1970),399 U.S. 235, 90 S. Ct. 2018, and Tate v. Short (1971), 401 U.S. 395,91 S. Ct. 668.
 {¶ 9} The assignment of error is overruled. Delaware County, Case No. 2004-CAC-07057
 {¶ 10} For the foregoing reasons, the judgment of the Municipal Court of Delaware County, Ohio, is affirmed.
Gwin, P.J., Farmer, J., and Wise, J., concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Municipal Court of Delaware County, Ohio, is affirmed. Costs to appellant.