OPINION
{¶ 1} Appellant Mark V. Swift appeals from a ruling of the Dayton Municipal Court finding him in contempt on May 17, 2004 and sentencing him to ten days in jail. On May 19, 2004, the trial court granted a motion to stay execution of the sentence pending the outcome of the appeal. For the following reasons, we reverse the decision of the trial court and remand for further proceedings in accordance with this opinion.
 I {¶ 2} On January 27, 2003, Swift was charged with driving without a valid operator's license and driving under suspension in case number 03-TRD-2118. After failing to appear for arraignment on February 7, 2003, the trial court issued a warrant for his arrest on February 10.
 {¶ 3} Over the next five months, the trial court issued five more warrants, and Swift was arrested five more times, based on his failure to appear at court ordered hearings. On June 20, 2003, Swift plead guilty to one count of driving without a valid operator's license, and the other charge was dismissed. Swift was sentenced to serve ten days in jail, for which he was given credit for time served, and ordered to pay a fine of $50.00 and court costs totaling $68.00. That same day, Swift entered into a payment agreement with the trial court whereby he promised to pay a total of $118.00 by July 22, 2003, or appear in court for show cause hearing on July 23, which would determine whether he would be held in contempt for non-payment.
 {¶ 4} On August 1, 2003, the trial court issued a warrant for Swift's arrest for failing to appear at the show cause hearing, but extended his time to pay until September 1, 2003. Swift also paid $25.00 towards his fines and court costs which now totaled $293.00.
 {¶ 5} During September, 2003, the trial court issued two more warrants against Swift for failure to appear at show cause hearings with respect to the instant case. On December 1, 2003, Swift agreed to pay $30.00 per month beginning on December 5, 2003 until the fines and court costs now totaling $348.00 were paid off.
 {¶ 6} When Swift failed to pay, the court issued a warrant on December 11, 2003. Swift was arrested on December 20, 2003. At a hearing on December 22, the court converted Swift's fines and costs to forty hours of community service, which Swift failed to perform. When Swift failed to appear for a show cause hearing on March 9, 2004, which had been ordered as a result of his failure to perform the community service, the court issued yet another warrant for his arrest. On March 20, 2004, the court converted the community service back to fines and costs. Swift was ordered to begin payments on April 22, 2004.
 {¶ 7} The total amount was now $385.00.
 {¶ 8} Swift failed to pay, and the court issued a fifth warrant for his arrest. Swift was arrested on May 15, 2004, and the court conducted a hearing two days later wherein Swift was found in contempt and sentenced to ten days in jail, with credit for three days served. The trial court also stated that if Swift paid the fines and costs of $385.00, he would be released. It is from this judgment that Swift now appeals.
 II {¶ 9} Swift appeals from the ruling of the trial court finding him in contempt for failure to pay his fines and court costs. Swift asserts two assignments of error. Because the assignments are intertwined, we will address the assignments simultaneously:
 {¶ 10} "The trial court erred by sentencing appellant to jail upon finding appellant in contempt for non-payment of court costs.
 {¶ 11} "The trial court erred by sentencing appellant to jail upon finding appellant in contempt for non-payment of his fine."
 {¶ 12} According to Swift, the trial court erred in proceeding to enforce the collection of the monies that Swift owed through a contempt proceeding, rather than utilizing the proper method for collection provided under O.R.C. § 2947.14. The statute states in pertinent part:
 {¶ 13} "(A) If a fine is imposed as a sentence or a part of a sentence, the court or magistrate that imposed the fine may order that the offender be committed to the jail or workhouse until the fine is paid or secured to be paid, or the offender is legally discharged, if the court or magistrate determines at a hearing that the offender is able, at that time, to pay the fines but refuses to do so. The hearing required by this section shall be conducted at the time of sentencing.
 {¶ 14} "(B) At the hearing, the offender has the right to be represented by counsel and to testify and present evidence as to the offender's ability to pay the fine. If a court or magistrate determines after considering the evidence presented by an offender, that the offender is able to pay the fine, the determination shall be supported by findings of fact set forth in a judgment entry that indicates the offender's income, assets, and debt, as presented by the offender, and the offender's ability to pay.
 {¶ 15} "(C) If the court or magistrate has found the offender able to pay a fine at a hearing conducted in compliance with divisions (A) and (B) of this section, and the offender fails to pay the fine, a warrant may be issued for the arrest of the offender. Any offender held in custody pursuant to such an arrest shall be entitled to a hearing on the first regularly scheduled court day following the date of arrest in order to inform the court or magistrate of any change of circumstances that has occurred since the time of sentencing and that affects the offender's ability to pay the fine. The right to the hearing on any change of circumstances may be waived by the offender. * * * * * *
 {¶ 16} "(D) No person shall be ordered to be committed to a jail or workhouse or otherwise be held in custody in satisfaction of a fine imposed as the whole or a part of a sentence except as provided in this section. Any person imprisoned pursuant to this section shall receive credit upon the fine at the rate of fifty dollars per day or fraction of a day. If the unpaid fine is less than fifty dollars, the person shall be imprisoned one day."
 {¶ 17} It is clear from the record that the trial court held Swift in contempt for his failure to pay fines and court costs. During the contempt of court proceedings held on May 17, 2004, the trial judge and Swift had the following exchange:
 {¶ 18} "The Court: No argument, if you would have at least made a payment.
 {¶ 19} "Swift: I have made some, sir.
 {¶ 20} "The Court: Not in this case. Well, okay, in this case I'mfinding you in contempt for failure to pay. It's not because you didn't pay because you're indigent."
 {¶ 21} In light of the above declaration by the trial court, the State's assertion that Swift was found in contempt for failing to appear at scheduled hearings and failure to perform community service is without merit. The trial court found Swift in contempt for failure to pay fines and court costs. In imposing this sentence, the trial court failed to follow the mandate of O.R.C. § 2947.14, which requires that certain steps be taken before and after incarceration of the offender.
 {¶ 22} The hearing requirement under O.R.C. § 2947.14(A) protects the accused's right to not be imprisoned for non-payment of a fine due to indigency. State v. Perkins (2003), 154 Ohio App.3d 631, 635, citingWilliams v. Illinois (1970), 399 U.S. 235, 90 S.Ct. 2018; and Tate v.Short (1971), 401 U.S. 395, 91 S.Ct. 668. Although the statute states that the hearing must be held "at the time of sentencing," Ohio's courts have read O.R.C. § 2947.14 in its entirety and concluded that the hearing requirement "does not arise until the trial court decides to incarcerate the offender for failure to pay." Perkins, supra, citing State v. Meyer
(1997), 124 Ohio App.3d 373, 375. An offender may be incarcerated for his unwillingness to pay a fine, but not, consistent with the constitutional principles of due process and equal protection, for his inability to pay. Meyer, supra at 376-377.
 {¶ 23} Under O.R.C. § 2947.14, if, as part of a sentence, the trial court orders an offender to pay a fine, but the offender fails to pay the fine, the court may hold a hearing pursuant to § 2947.14(A) and (B). At this hearing, the offender has the right to be represented by counsel and to testify and present evidence as to the his ability to pay the fine. If the court determines at the hearing that the offender is able to pay the fine, this determination shall be supported by findings of fact that indicate the offender's income, assets, and debt, as presented by the offender, and the offender's ability to pay. If the offender then fails to pay, the court may issue a warrant for the offender's arrest. The court must then afford the offender another hearing "on the first regularly scheduled court day following the arrest," unless waived by the offender. O.R.C. § 2947.14(C). If the court then finds that the offender is still able to pay the fine but refuses, it may incarcerate the offender. If the court chooses to incarcerate the offender, the court must give the offender credit against the fine at the rate of $50.00 per day.
 {¶ 24} After imposing sentence in the instant case, there is no evidence that the trial court complied with the hearing requirements of § 2947.14. Swift was not informed by the trial court of his right to counsel, nor did the court take evidence or make findings of facts with respect to Swift's ability to pay his fines. Most importantly, the trial court made no findings regarding the credit Swift should have received for time served as a result of his numerous arrests for failure to appear at scheduled hearings. The $50.00 fine Swift received would have only required that he spend one day in jail under O.R.C. 2947.14(D). Surprisingly, there is no record of the total number of days Swift spent in jail nor any indication that the trial court considered such. Although we do not condone Swift's failure to pay fines or comply with court orders, the trial court should have followed the legal requirements of O.R.C. § 2947.14 upon sentencing Swift. Clearly, with multiple arrests on warrants, Swift had served out the one day necessary to eliminate the $50.00 fine.
 {¶ 25} Lastly, it is well settled that a court cannot incarcerate a person for nonpayment of court costs. Strattman v. Strudt (1969),20 Ohio St.2d 195, 103. Court costs are civil in nature and not punitive. Id. As early as 1924, the Supreme Court held that court costs are not considered as punishment. Simon v. Eichelberger (1924),110 Ohio St. 224, 228. A judgment for costs in a criminal traffic case is a civil, not a criminal obligation, and may be collected only by the methods provided for the collection of civil judgments. Strattman,
supra.
 {¶ 26} The record supports Swift's argument that the court costs were merged with the fine, and the sentence imposed by the trial court was, thus, unlawful. Swift properly notes that the trial court should have separated the amount of the fine from the amount of the court costs in order to avoid the error of incarcerating Swift for nonpayment of court costs. The State argues that under O.R.C. 2949.111(A)(3), the $400.00 assessed against Swift as warrant fees should be counted as fines and not costs when determining the number of days which for Swift should be sentenced. Warrant fees, the State argues, are financial "fines" imposed for Swift's failure to follow an order of the court and are more properly identified as "reimbursement" as defined under O.R.C. § 2949.111(A)(3). We disagree.
 {¶ 27} O.R.C. § 2949.111(A)(1) defines "court costs" as "any assessment that the court requires an offender to pay to defray the costs of operating the court." O.R.C. § 2949.111(A)(3) defines "reimbursement" as "any reimbursement for the costs of confinement that the court orders an offender to pay pursuant to section 2929.28 of the Revised Code, any supervision fee, any fee for the costs of house arrest with electronic monitoring that an offender agrees to pay, any reimbursement for the costs of an investigation or prosecution that the court orders an offender to pay pursuant to section 2929.71 of the Revised Code, or any other costs that the court orders an offender to pay."
 {¶ 28} Other than its bare assertion that the warrant fees should be assessed as fines for purposes of O.R.C. 2947.14 in sentencing Swift, the State provides no case law or other authority to support its position. Although warrant fees are not applied to every conviction, that fact does not preclude their designation as "court costs" pursuant to O.R.C.2949.111(A)(1). Warrant fees are nothing other than administrative costs and are not punitive in nature such as the fine Swift originally received for operating his vehicle without a license.
 {¶ 29} In conclusion, clearly it is incumbent upon the trial court to segregate and/or allocate the collection of fines and court costs, so that the appropriate mechanism can be utilized to collect both.
 {¶ 30} Swift's First and Second Assignments of Error are sustained.
 {¶ 31} The decision of the trial court is reversed, and this case is remanded for further proceedings in accordance with this opinion.
Brogan, P.J. and Grady, J., concur.