[Cite as *State v. Ramsey*, 2014-Ohio-4232.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J.<br>Hon. W. Scott Gwin, J.<br>Hon. John W. Wise, J. |
|     Plaintiff-Appellee | |
| -vs- | Case No. 13-CA-119 |
| ASHLEY RAMSEY | |
|     Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:    Appeal from the Licking County Municpal
Court, Case No. 13CRB02020


JUDGMENT:    Reversed and Remanded


DATE OF JUDGMENT ENTRY:    September 22, 2014


APPEARANCES:


For Plaintiff-Appellee    For Defendant-Appellant


AMY S. DAVISON    WILLIAM T. CRAMER
40 West Main Street    470 Olde Worthington Road, Suite 200
Newark, Ohio 43055    Westerville, Ohio 43082

*Hoffman, P.J.*

{¶1} Defendant-appellant Ashley Ramsey appeals her sentence entered by the Licking County Municipal Court for obstructing official business, in violation of R.C. 2921.31.  Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE CASE[1]

{¶2} On September 30, 2013, Appellant entered a plea of guilty to one count of obstructing official business, in violation of R.C. 2921.31, a second-degree misdemeanor.  The charge stemmed from a car accident in which Appellant was involved.  The trial court accepted the plea, dismissing a failure to stop charge, in violation of R.C. 4549.02, a first-degree misdemeanor. The trial court imposed a one-year term of community control, a thirty-day jail sentence with twenty days suspended, and a fine of $200, along with court costs and fees.

{¶3} Appellant appeals, assigning as error:

{¶4} "I. THE TRIAL COURT VIOLATED R.C. 2947.14 BY INCLUDING A PROVISION IN THE SENTENCING ENTRY INDICATING THAT APPELLANT WOULD BE JAILED FOR NON-PAYMENT OF A FINE WITHOUT DETERMINING AT SENTENCING THAT APPELLANT HAD THE ABILITY TO PAY THE FINE AND INCLUDING THE STATUTORY FINDINGS IN A WRITTEN JUDGMENT ENTRY.

{¶5} "II. THE TRIAL COURT VIOLATED R.C. 2947.14 BY AUTHORIZING CREDIT OF $30 PER DAY FOR JAIL TIME IMPOSED FOR NON-PAYMENT OF FINES WHEN THE STATUTE PROVIDES FOR $50 PER DAY."

---

[1] A rendition of the underlying facts is unnecessary for the resolution of this appeal.

I. and II.

{¶6} Appellant's assigned errors raise common and interrelated issues; therefore, we will address the arguments together.

{¶7} The trial court's September 30, 2013 Journal Entry-Sentence of Court states,

{¶8} "Judgment is hereby rendered [sic] this court for the amount of the fine and costs imposed, and upon failure of the defendant to pay same, he may be given a reasonable time in which to make payment.  But, if the same is not paid within the time given, the defendant is to be incarcerated in the city/county jail until the fine is paid, receiving credit of $30 per day for each day incarcerated toward the balance remaining on the fine. The Clerk shall then proceed to collect the cost according to appropriate civil procedure."

{¶9} R.C. 2947.14 provides,

{¶10} "(A) If a fine is imposed as a sentence or a part of a sentence, the court or magistrate that imposed the fine may order that the offender be committed to the jail or workhouse until the fine is paid or secured to be paid, or the offender is otherwise legally discharged, if the court or magistrate determines at a hearing that the offender is able, at that time, to pay the fine but refuses to do so. The hearing required by this section shall be conducted at the time of sentencing.

{¶11} "(B) At the hearing, the offender has the right to be represented by counsel and to testify and present evidence as to the offender's ability to pay the fine. If a court or magistrate determines after considering the evidence presented by an offender, that the offender is able to pay a fine, the determination shall be supported by

findings of fact set forth in a judgment entry that indicate the offender's income, assets, and debts, as presented by the offender, and the offender's ability to pay.

{¶12} "(C) If the court or magistrate has found the offender able to pay a fine at a hearing conducted in compliance with divisions (A) and (B) of this section, and the offender fails to pay the fine, a warrant may be issued for the arrest of the offender. Any offender held in custody pursuant to such an arrest shall be entitled to a hearing on the first regularly scheduled court day following the date of arrest in order to inform the court or magistrate of any change of circumstances that has occurred since the time of sentencing and that affects the offender's ability to pay the fine. The right to the hearing on any change of circumstances may be waived by the offender.

{¶13} "At the hearing to determine any change of circumstances, the offender has the right to testify and present evidence as to any portion of the offender's income, assets, or debts that has changed in such a manner as to affect the offender's ability to pay the fine. If a court or magistrate determines, after considering any evidence presented by the offender, that the offender remains able to pay the fine, that determination shall be supported by a judgment entry that includes findings of fact upon which such a determination is based.

{¶14} "(D) No person shall be ordered to be committed to a jail or workhouse or otherwise be held in custody in satisfaction of a fine imposed as the whole or a part of a sentence except as provided in this section. Any person imprisoned pursuant to this section shall receive credit upon the fine at the rate of fifty dollars per day or fraction of a day. If the unpaid fine is less than fifty dollars, the person shall be imprisoned one day."

{¶15} Here, the trial court did not address Appellant's ability to pay at sentencing, nor did the trial court file an entry containing findings of fact upon which the court based its determination Appellant was able to pay the fine.

{¶16} This Court has followed the line of Ohio case law holding the hearing requirement is not triggered until the trial court decides to incarcerate the offender for failure to pay the fine.  See, *State v. Meyer* 124 Ohio App.3d 373 (1997).  In *State v. Chaney*, 5th Dist. 2004CAC07057, 2004-Ohio-6712, this Court held the defendant was entitled to a hearing at the time he was brought before the court for enforcement of the fine.  In *Chaney*, this Court held,

{¶17} "In the case of *State v. White,* 103 Ohio St.3d 580, 817 N.E.2d 393, 2004-Ohio-5989, the Ohio Supreme Court found a trial court may assess court costs against an indigent defendant convicted of a felony as part of the sentence. The Clerk of Courts may attempt to collect the costs from the indigent defendant. Here, the costs arose from a misdemeanor offense, but we find that fact alone does not render *White* inapplicable here.

{¶18} "R.C. 2929.18 makes a hearing discretionary when the court initially imposes a fine, but R.C. 2947.14 mandates a hearing held to determine an offender's ability to pay in the event he faces incarceration due to non-payment, see *State v. Meyer* (1997), 124 Ohio App.3d 373, 706 N.E.2d 378.

{¶19} "In the event appellant is at some later time brought before the trial court for failure to pay his fine and costs, he would be entitled to a hearing as to his ability to pay. Appellant has not demonstrated any attempt to enforce the fine and costs. An attempt to enforce a fine, costs, or any other financial sanction will trigger due process

and hearing requirements, see, e.g. *Williams v. Illinois* (1970), 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586, and *Tate v. Short* (1971), 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130."

**{¶20}** We find a trial court can impose a fine at sentencing without conducting a hearing to determine the Appellant's ability to pay, but cannot order the Appellant incarcerated for failure to pay the fine without conducting the hearing required under R.C. 2947.14.  As such, we reaffirm our holding in *Chaney*.

**{¶21}** Appellant was not given a hearing on his ability to pay.  While the trial court's order allows Appellant a reasonable time to make payment, it includes language ordering Appellant incarcerated if the fine is not paid.  We find this portion of the sentencing entry does not comport with the statute.  Nor does giving only $30 credit per day comport with the statue which provides for a credit of $50 per day.  Accordingly, we sustain both of Appellant's assignments of error.

**{¶22}** The judgment of the trial court is reversed, and the matter remanded to the trial court for resentencing.

By: Hoffman, P.J.

Gwin, J.  and

Wise, J. concur