[Cite as *State v. Sherman*, 2015-Ohio-3514.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. Sheila G. Farmer, J.<br>Hon. John W. Wise, J. |
| -vs- | Case No. 14-CA-105 |
| AUBREY SHERMAN | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Licking County Municipal
Court, Case No. 14CRB00263

JUDGMENT:     Affirmed in part, Reversed in part, and
Remanded for resentencing

DATE OF JUDGMENT ENTRY:     August 27, 2015

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

AMY S. DAVISON                            WILLIAM T. CRAMER
40 West Main Street                       470 Olde Worthington Road, Suite 200
Newark, Ohio 43055                        Westerville, Ohio 43082

*Hoffman, P.J.*

{¶1} Defendant-appellant Aubrey Sherman appeals his conviction and sentence for assault entered by the Licking County Municipal Court. Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2} On February 10, 2015, Sierra Clark was working at Aspen Fitness. She noticed a black SUV parked in the middle of the parking lot. The car was parked in a diagonal position, which Clark thought strange due to the small number of cars in the parking lot. Clark recognized the car as belonging to Jessica Boley, a regular customer of Aspen Fitness.

{¶3} As Clark observed the car, she noticed Appellant exit the driver's side of the vehicle, and walk around to the passenger side of the vehicle. Clark then saw Appellant hit Boley in the face and body with his fist. After Appellant stuck her a few times, Boley fell to the ground. Appellant then kicked Boley in the stomach and legs. When Boley tried to stand, Appellant grabbed her by the hair, pulled her up and pushed her against the car.

{¶4} Valerie Keaser, who was exercising at Aspen Fitness, also observed Appellant and Boley struggling in the parking lot. She noted Appellant appeared to be beating Boley, so Keaser yelled to Clark to call 9-1-1. Keaser saw Boley on the ground next to the passenger door of the car, and Sherman was pulling her by the hair with both hands. Keaser observed Appellant kick Boley once and could hear her screaming.

{¶5} Boley attempted to seek help from a driver in a nearby car, but the individual would not assist her. Clark and Keaser then yelled for her to come into Aspen

Fitness. Boley went into Aspen Fitness hysterical, with a bloody nose and mouth. Clark locked the door behind her. Appellant did not try to come into Aspen Fitness and did not make any threats.

{¶6} When the police responded, Boley told the investigating officers she had fallen on the ice in the parking lot. She stated she did not know what happened after she was pulled out of the car. She did not want to pursue charges and refused to write a statement. Additionally, she refused to seek medical treatment.

{¶7} As a result of the incident, Appellant was charged with misdemeanor assault, in violation of R.C. 2903.13(A). The matter proceeded to a jury trial, wherein Boley testified for the defense. The jury found Appellant guilty of the charge, and the trial court sentenced him to 90 days in jail, with 33 days of jail credit, imposing a fine of $300 and court costs.

{¶8} Appellant appeals, assigning as error:

{¶9} "I. APPELLANT'S RIGHTS TO DUE PROCESS UNDER THE STATE AND FEDERAL CONSTITUTIONS WERE VIOLATED BECAUSE HIS CONVICTION FOR ASSAULT WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE.

{¶10} "II. THE CONVICTION FOR ASSAULT WAS NOT SUPPORTED BY THE WEIGHT OF THE EVIDENCE.

{¶11} "III. THE TRIAL COURT VIOLATED R.C. 2947.14 BY INCLUDING A PROVISION IN THE SENTENCING ENTRY INDICATING THAT APPELLANT WOULD BE JAILED FOR NON-PAYMENT OF A FINE WITHOUT DETERMINING AT SENTENCING THAT APPELLANT HAD THE ABILITY TO PAY THE FINE AND INCLUDING THE STATUTORY FINDINGS IN A WRITTEN JUDGMENT ENTRY.

**{¶12}** "IV. THE TRIAL COURT VIOLATED R.C. 2947.14 BY AUTHORIZING CREDIT OF $30 PER DAY FOR JAIL TIME IMPOSED FOR NON-PAYMENT OF FINES WHEN THE STATUTE PROVIDES FOR $50 PER DAY."

I. and II.

**{¶13}** In the first assignment of error, Appellant maintains his conviction for misdemeanor assault is not supported by the manifest weight or sufficiency of the evidence.

**{¶14}** R.C. 2903.13(A) reads, "No person shall knowingly cause or attempt to cause physical harm to another."

**{¶15}** Appellant relies upon the testimony of Boley who stated she slipped and fell on the ice in the parking lot, and does not remember sustaining injuries.

**{¶16}** In either a criminal or civil case, the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact. By the verdict rendered herein, it is apparent the jury believed the testimony of the prosecuting witnesses and the corroborating evidence presented by the state. *State v. DeHass*, 10 Ohio St. 2d 230, 231, 227 N.E.2d 212, 213, (1967)

**{¶17}** A review of the sufficiency of the evidence and a review of the manifest weight of the evidence are separate and legally distinct determinations. *State v. Gulley* (Mar.15, 2000), 9th Dist. No. 19600, at 3. "While the test for sufficiency requires a determination of whether the State has met its burden of production at trial, a manifest weight challenge questions whether the State has met its burden of persuasion." *State v. Thompkins* (1997), 78 Ohio St.3d 380, 390.

{¶18} In order to determine whether the evidence before the trial court was sufficient to sustain a conviction, this Court must review the evidence in a light most favorable to the prosecution. *State v. Jenks* (1991), 61 Ohio St.3d 259, paragraph two of the syllabus, superseded by State constitutional amendment on other grounds in *State v. Smith* (1997), 80 Ohio St.3d 89.

{¶19} Specifically, an appellate court's function, when reviewing the sufficiency of the evidence to support a criminal conviction, is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. *State v. Jenks,* supra. This test raises a question of law and does not allow the court to weigh the evidence. *State v. Martin* (1983), 20 Ohio App.3d 172, 175. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Thompkins,* 78 Ohio St.3d at 386.

{¶20} A weight of the evidence challenge indicates that a greater amount of credible evidence supports one side of the issue than supports the other. *State v. Thompkins,* 78 Ohio St.3d at 387. Further, when reversing a conviction on the basis that the conviction was against the manifest weight of the evidence, the appellate court sits as the "thirteenth juror" and disagrees with the fact finder's resolution of the conflicting testimony. *Id.* at 388. An appellate court must make every reasonable presumption in favor of the judgment and Findings of Fact of the trial court. *Karches v. Cincinnati* (1988), 38 Ohio St.3d 12, 19. "The verdict will not be disturbed unless the appellate court finds that reasonable minds could not reach the conclusion reached by the trier of

fact." *State v. Clemons* (1998), 82 Ohio St.3d 438, 444, citing *State v. Jenks,* 61 Ohio St.3d at 273. Therefore, this Court's "discretionary power * * * should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *State v. Martin* (1983), 20 Ohio App.3d 172, 175.

**{¶21}** Here, Sierra Clark testified at trial as to her observations of Appellant pulling Boley out of the car and hitting her in the face and body with his fist. She testified he then kicked her and grabbed her by the hair, pulling her up and pushing her against the car.

**{¶22}** Valerie Keaser also testified as to witnessing Appellant and Boley struggling near the car. She testified Appellant appeared to be beating Boley. She stated she witnessed Appellant pull Boley by the hair with both hands, and then yelled for Clark to call 911. She saw Boley running away from Appellant.

**{¶23}** Both Clark and Keaser testified Boley was hysterical, and her nose and mouth were bloody. Once inside Aspen Fitness, Clark locked the door of the establishment. Keaser testified Boley was red, shaking and hyperventilating.

**{¶24}** Based upon the testimony of the witnesses, we find the jury did not lose its way in finding Appellant guilty of the charge of misdemeanor assault, and Appellant's conviction was based upon credible and competent testimony.

**{¶25}** The first and second assignments of error are overruled.

III. & IV.

**{¶26}** In the third assignment of error, Appellant argues the trial court erred in including a provision in the sentencing entry indicating Appellant would be jailed for the non-payment of a fine without determining at sentencing Appellant had the ability to pay

the fine and including the statutory findings in a written judgment entry. In his fourth assignment of error, Appellant maintains the trial court violated R.C. 2947.14 by authorizing credit of $30 per day for jail time imposed for non-payment of fines when the statute authorizes $50 per day.

**{¶27}** The trial court's sentencing entry states,

Judgment is hereby rendered this court for the amount of the fine and costs imposed, and upon failure of the defendant to pay same, he may be given a reasonable time in which to make payment. But, if the same is not paid within the time give, the defendant is to be incarcerated in the city/county jail until the fine is paid, receiving credit of $30 per day for each day incarcerated toward the balance remaining on the fine. The Clerk shall then proceed to collect the cost according to appropriate civil procedure.

**{¶28}** This Court previously held in *State v. Ramsey*, 5th Dist. No. 13-CA-119, 2014-Ohio-4232,

Here, the trial court did not address Appellant's ability to pay at sentencing, nor did the trial court file an entry containing findings of fact upon which the court based its determination Appellant was able to pay the fine.

This Court has followed the line of Ohio case law holding the hearing requirement is not triggered until the trial court decides to incarcerate the offender for failure to pay the fine. See, *State v. Meyer* 124 Ohio App.3d 373 (1997). In *State v. Chaney,* 5th Dist.2004CAC07057,

2004–Ohio–6712, this Court held the defendant was entitled to a hearing at the time he was brought before the court for enforcement of the fine. In *Chaney,* this Court held,

"R.C. 2929.18 makes a hearing discretionary when the court initially imposes a fine, but R.C. 2947.14 mandates a hearing held to determine an offender's ability to pay in the event he faces incarceration due to non-payment, see *State v. Meyer* (1997), 124 Ohio App.3d 373, 706 N.E.2d 378.

"In the event appellant is at some later time brought before the trial court for failure to pay his fine and costs, he would be entitled to a hearing as to his ability to pay. Appellant has not demonstrated any attempt to enforce the fine and costs. An attempt to enforce a fine, costs, or any other financial sanction will trigger due process and hearing requirements, see, e.g. *Williams v. Illinois* (1970), 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586, and *Tate v. Short* (1971), 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130."

We find a trial court can impose a fine at sentencing without conducting a hearing to determine the Appellant's ability to pay, but cannot order the Appellant incarcerated for failure to pay the fine without conducting the hearing required under R.C. 2947.14. As such, we reaffirm our holding in *Chaney.*

Appellant was not given a hearing on his ability to pay. While the trial court's order allows Appellant a reasonable time to make payment, it

includes language ordering Appellant incarcerated if the fine is not paid. We find this portion of the sentencing entry does not comport with the statute. Nor does giving only $30 credit per day comport with the statue which provides for a credit of $50 per day. Accordingly, we sustain both of Appellant's assignments of error.

{¶29} Pursuant to this Court's previous holding in Ramsey and in *State v. Chaney,* 5th Dist. 2004CAC07057, 2004-Ohio-6712, Appellant's third and fourth assignments of error are sustained.

{¶30} Appellant's conviction is affirmed but his sentence is reversed, and the matter remanded to the trial court for resentencing.

By: Hoffman, P.J.

Farmer, J. and

Wise, J. concur